WEBER GAS AND GASOLINE ENGINE COMPANY V.
STEWART BRADFORD.

Decided February 17, 1904.

1.—Employer and Employe—Improper Discharge—Burden of Proof.

In order for the employer to avail himself of the rule requiring an employe to find work elsewhere in case he is improperly discharged, the burden of proof is upon the employer to allege and show that the servant could, with ordinary diligence, have secured other work of a similar kind.

2.—Same—Wages—Other Employment.

The fact that a servant might have other wages at work elsewhere is not a complete defense to an action by a servant for being improperly discharged, but the deduction must be confined to the amount which could have been earned by the servant after such discharge, and is to be allowed whether he actually worked or not.

Appeal from the County Court of El Paso.    Tried below before Hon. Jos. U. Sweeney.

*Beall & Kemp,* for appellant.

*Richard F. Burgess,* for appellee.

NEILL, ASSOCIATE JUSTICE.—The appellee, who was the plaintiff below, alleged as his cause of action that appellant, defendant below, on the first of February, 1903, made a verbal contract with him by which it was agreed that plaintiff should open an office for defendant at El Paso, look after, attend to and manage its business there, in consideration of which defendant agreed to pay him $100 per month for his services and all necessary expenses, and that the contract was to continue for one year from the date of its commencement; that in pursuance of said contract, plaintiff opened up said office in El Paso and conducted defendant's business there from the 1st day of February, 1903, until about the 21st day of May, 1903, when defendant wrongfully and without cause discharged him and took possession of said office and refused to admit him and allow him to conduct said business; that he tendered his service to the defendant for the full term of his employment and was able and willing to carry out his contract; that since his discharge he has been unable to obtain employment and has been compelled to be idle, and that by reason of the contract he was entitled to recover his salary of $100 per month for the months of February, March, April, May, June, July, August and September, 1903, and the legitimate expenses which he incurred.

In plaintiff's trial amendment, filed July 29, 1903, he attached to his pleading two exhibits, designated respectively as "A" and "B." Exhibit "A" contained a statement of his expenses and "B" a statement of money received by him from the defendant and of what he claimed to be entitled to under the contract.    He averred that it appeared from

such exhibits that he was entitled to receive from the defendant the sum of $698.60, for which amount he prayed judgment.

The defendant excepted to the petition upon the ground that it was insufficient in law for plaintiff to maintain a recovery for his alleged services rendered after the 21st day of May, 1903; and that it is also insufficient for him to recover anything under his charge for necessary and legitimate expenses, the charges therefor being too indefinite, vague and general.

In its answer to the merits defendant interposed a general denial and specially denied that it ever entered into any such contract with plaintiff as declared upon, but alleged that by the contract made between them, it employed plaintiff in February, 1903, to take charge of and look after its business of selling its machinery at El Paso, Texas, and agreed, in consideration of competent and faithful service to be rendered by him in that respect, to allow and give him 25 per cent of the net profits of the business at that point, and in order that he should have some money to support himself and put the business upon the proper basis, defendant agreed to advance him $100 per month for the first few months, until the business should be properly started in operation; that it also agreed to provide him with office rent, salary of stenographer and the legitimate expenses for carrying on the business; that it was understood, however, that the $100 per month was merely an advancement, to be charged against what plaintiff might earn out of his compensation of 25 per cent of the net profits of the business. That there was no agreement as to the duration of the contract, but that it was subject to cancellation at any time at the will of either party.

The petition then alleges plaintiff's unfitness for the duties of such employment, his mismanagement of the business, that its net profits during his mismanagement amounted only to $74.24; and that through his inefficiency and mismanagement defendant has been damaged in the sum of $500, which damages are plead in reconvention and judgment prayed therefor.

The exception to plaintiff's petition was overruled and the case tried before a jury, and the trial resulted in a judgment for plaintiff in the sum of $600, from which this appeal is prosecuted.

*Opinion.*—The first assignment of error complains of the court's overruling appellant's special demurrer to the effect that appellee's petition "is insufficient in law for him to maintain any recovery for his alleged services rendered after the 21st day of May, 1903." Under this assignment the following proposition is asserted: "It was the duty of plaintiff after his discharge to secure other employment with at least ordinary diligence, and he should have alleged that he had, with at least ordinary diligence, sought other employment and had been unable to find it."

When a servant is wrongfully discharged by his employer, it is his duty to endeavor in good faith to find work of a like kind to that he

had agreed to perform, and if he fails to procure it he will be entitled to recover his pay for the period of his employment up to the time the case is tried. If the employer desires to avail himself of the rule which requires a servant to find work elsewhere, in order that he may be entitled to a deduction of such amount as he might have earned at other work, the burden is upon the employer to prove every fact necessary to establish this defense in whole or in part as the case may be. The defense set up should be proved by the one who sets it up. He seeks to be benefited by a particular matter of fact, whereas the opposite rule would call upon the plaintiff to prove a negative, and therefore the proof should come from the defendant. He is the wrongdoer, and the presumption between him and the person wronged should be made in favor of the latter. For this reason, therefore, the onus must in all such cases be upon the defendant. And to the extent that the employer shows that the discharged servant could have earned other wages at similar work will he be entitled to a reduction of the contract price for his services. Of course the fact that the servant might have earned other wages at work elsewhere is by no means a complete defense, and should, upon principle, not be. But the deduction must be confined to, and must not exceed, the amount that should and could have been earned by the servant after being improperly discharged. In order for the employer to receive this credit it is not necessary that he should show that the servant actually worked at other employment. It is sufficient that he only shows that other compensation could have been earned, as he is entitled to deduct the same whether the servant availed himself of an opportunity to earn other wages or not. For, were this not true, the servant upon being discharged might rightfully refuse to receive other employment. Efron v. Clayton, 35 S. W. Rep., 424; Missouri K. & T. Ry. Co. v. Faulkner, 31 S. W. Rep., 543; Southwestern T. & T. Co. v. Bross, 45 S. W. Rep., 178; Allgeyer v. Rutherford, 45 S. W. Rep., 628; Porter v. Burkett, 65 Texas, 383; Suth. on Dam., sec. 693; Sedg. on Dam., secs. 665, 667; Rodg. Dom. Rel., sec. 766; Marx v. Miller, 32 So. Rep., 765; Wirth v. Calhoun, 89 N. W. Rep., 785; and authorities collated under the proposition announced in the text books cited.

We think that in the light of these authorities the principle will be seen so clearly contrary to the proposition asserted by appellant no doubt can be entertained as to the sufficiency of the petition as against the exception urged by this assignment.

Appellant's second assignment of error is as follows:

"No. 2. The court erred in its charge in not explaining to the jury the true measure of damages under the plaintiff's theory of the case, so that the jury probably understood the same; and the court erred in refusing the defendant's special charge number 2, which charge was intended to correct the charge of the court, and is as follows: 'You are charged, if you believe the contract as set up by the plaintiff to be the true one, that is to say, that plaintiff was to receive all his necessary expenses and a salary of $100 per month for one year, from about the 1st

34 Civ.—35

of February, 1903, and that about the 21st of May, 1903, the defendant wrongfully discharged the plaintiff, the plaintiff can only recover in suit brought at this time as far as concerns the claim for salary the value of his services during the time he served defendant under his employment; and in determining the value of his services during such time, you will take the alleged contract as the standard for determining the value of the services rendered. You are instructed not to allow plaintiff anything by way of salary for any time after the 21st of May, 1903. You will allow him nothing by way of salary for the months of September, August, July, June and for May after the 21st day thereof.' "

Under this assignment the following proposition is urged:

"A tender of performance of a contract by a discharged employe is not tantamount to a performance and he is not entitled to recover full compensation for services he never rendered. The plaintiff in this case should only be paid pro rata for the value of the services rendered, taking the contract as the standard for determining the value of the services rendered."

The correctness of this proposition we need only consider in determining the validity of the assignment. It seems to us that it is disposed of adversely to appellant by the principles of law announced in our consideration of the preceding assignment of error. The burden of proving a reduction of the damages occasioned appellee by appellant's breach of his contract of employment was upon the latter. The only evidence offered upon the question as to whether appellee could procure other employment was his own testimony. It shows that from the time he was discharged up to the time of the trial of the case he was unable to obtain any other employment. Therefore he was entitled to recover as his damages the compensation stipulated for by the contract upon proving its breach by the appellant up to the time this suit was tried. Efron v. Clayton, supra; Allgeyer v. Rutherford, 45 S. W. Rep., 628. For the term of his employment had then not expired, and as he only asked damages up to the time of the trial of the suit, he thereby relinquished any claim for the balance of the term. Litchenstein v. Brooks, 75 Texas, 196.

In the absence of any evidence tending to show appellee's incompetency or his failure to faithfully discharge the duties of his employment, the fact that his services may not have been profitable to appellant has no bearing on determining the compensation he is entitled to recover by reason of appellant's breach of the contract. Shute v. McVitie, 72 S. W. Rep., 433; Estes v. Desnoyers Shoe Co., 56 S. W. Rep., 316; Suth. on Dam., sec. 683.

The evidence in our opinion is reasonably sufficient to support the verdict.

There is no error assigned requiring a reversal of the judgment, and it is therefore affirmed.

*Affirmed.*