## WESLEY PEACOCK v. J. W. COLTRANE.

### Decided December 19, 1906.

#### 1.—Teacher—Breach of Contract—Damages—Explanatory Testimony.

Where a teacher had been discharged by his principal in the month of January it was the duty of the teacher to use diligence to obtain other employment, and his testimony to the effect that teachers were usually employed in May and June was material as explaining why he was unable to secure employment for the remainder of the scholastic term.

#### 2.—Pleading—Contract—Clerical Error.

Where plaintiff alleged in his petition that his term of employment began on June 1, and ended on May 1, and during the trial the case was treated by both parties and the court as though May 31 had been alleged instead of May 1, it is too late to raise the question of variance on appeal.

#### 3.—Breach of Contract—Duty to Lessen Damages—Matter of Defense.

In a suit for damages for breach of contract of employment it is matter of defense to be proved by defendant that plaintiff could have obtained other employment and so lessened the damages.

#### 4.—Discharge of Employe—Proportionate Compensation.

It is the rule in this State that when an employe has been discharged for good cause he may recover a proportionate part of the stipulated wages, or he may recover on *quantum meruit* for the services actually rendered, not exceeding the rate of compensation named in the contract.

Appeal from the District Court of Bexar County. Tried below before Hon. A. W. Seeligson.

*Cobb & Hildebrand* and *Nat B. Jones,* for appellant.—Where a party sues on an express contract, and there is a conflict in the testimony as to whether an express contract was made at the time alleged and testified to by one of the parties, it is not competent for the party alleging said contract to prove a custom to make contracts at such time, nor can he prove such custom for the purpose of corroborating his own testimony as a witness. Moore v. Kennedy, 81 Texas, 144; Creager v. Douglass, 77 Texas, 486, 487; 3 Encyclopedia of Evidence, p. 519.

It was error for the court to permit the witness to testify as to the custom as to how teachers are employed, until the court knew, from the distinct statement from the party making the offer to prove the existence

of a custom, what that custom was, and until this was done, evidence of the custom is inadmissible. 12 Cyclopedia Law and Practice, p. 1098.

Where a contract has been partly performed by an employe and the employer puts an end to it, the employe can recover the contract price for the work done and damage for the refusal of the employer to comply with the contract by permitting the employe to perform it in toto: Wherefore, said charge was erroneous in permitting the jury to find and it found, for the appellee, indebtedness and salary under said contract for the full term thereof, whereas, under law appellee's right of action was upon the contract for salary from June 1, 1904, up to and including January 19, 1905, but for the residue of the term after that date "his cause of action was not for wages contracted for but for damages for the breach of the contract." Gulf, C. & S. F. Ry. v. Jackson, 69 S. W. Rep., 89; Southwestern Tel. & Tel. Co. v. Bross, 45 S. W. Rep., 178; Litchenstein v. Brooks, 75 Texas, 196.

Where an employe under an express contract is discharged for misconduct or other good cause, for his past services he can not recover upon the express contract, but can only recover "a proportionate part of his stipulated salary or a compensation upon a *quantum meruit,* not exceeding that sum."

The court failed to charge on the issue as to the appellant's being only liable for the reasonable value of the appellee's services, in the event the jury found he was guilty of any misconduct, and the special charge, even if incorrect, sufficiently called the court's attention to the issue and the omission, and it was error not to submit a proper instruction on that issue. Gulf, C. & S. F. Ry. v. Mangham, 69 S. W. Rep., 82; Neville v. Mitchell, 66 S. W. Rep., 580; Kirby v. Estill, 75 Texas, 484; Earle v. Thomas, 14 Texas, 583; Gulf, C. & S. F. Ry. v. Hodges, 76 Texas, 90; Freybe v. Tiernan, 76 Texas, 286; Gulf, C. & S. F. Ry. v. Hill, 58 S. W. Rep., 255; Williams v. Emberson, 55 S. W. Rep., 595; Railway Company v. Miles, 50 S. W. Rep., 168.

*C. A. Davies,* for appellee.—That, if appellant desired the testimony limited to the purpose for which it was admitted, it was his duty to prepare and submit charge to that effect to the court, and especially so when court had verbally limited purpose of admission, and, having failed to do so, can not now complain. D'Arrigo v. Texas Produce Co., 18 Texas Civ. App., 44; American Tel. & Tel. Co. v. Kersh, 66 S. W. Rep., 74; Watson v. Winston, 43 S. W. Rep., 852; Mutual Ins. Co. v. Baker, 10 Texas Civ. App., 521; Walker v. Brown, 66 Texas, 557.

Certainly this in an action upon a contract, and the full amount of the contract compensation is the measure of damages, when plaintiff makes a *prima facie* case of unjust dismissal, unless defendant furnishes testimony of offset or credits by showing other employment in which plaintiff could or did engage. San Antonio & A. P. R. R. Co. v. Grier, 49 S. W. Rep., 148; San Antonio & A. P. Ry. Co. v. Griffin, 48 S. W. Rep., 543; Anderson v. Nuckles, 34 S. W. Rep., 185; Denham v. Trinity Lumber Co., 73 Texas, 82; Gulf, C. & S. F. Ry. Co. v. Dorsey, 18 S. W. Rep., 444.

Now, what constitutes an issue established by uncontroverted facts? Where there is some testimony favoring claim in issue and none against

it, the court is authorized to treat the issue as undisputed in charging the jury. Wilson v. Simpson, 80 Texas, 285; Clark v. McGrath, 22 S. W. Rep., 527.

In fact it would be error, to submit to the jury an issue of fact when there was no conflict of testimony upon the same. Western U. Tel. Co. v. Burgess, 60 S. W. Rep., 1024; Houston & T. C. Ry. Co. v. Harvin, 54 S. W. Rep., 629.

FLY, Associate Justice.—This is a suit by appellee to recover the sum of $1,110 actual and $2,000 exemplary damages alleged to have accrued by reason of the breach of a contract of employment on the part of appellant, who had employed appellee as a teacher for the year beginning June 1, 1904, and ending May 31, 1905. The breach was alleged to have consisted in the wrongful discharge of appellee on January 19, 1905. The salary that was alleged to have been contracted for was $1,200, which amount was sued for less a credit of $90 received by appellee for three months' service in another school. There was also an allegation in the petition as to an indebtedness to May Coltrane, the daughter of appellee, to which exceptions were sustained by the court. The said May Coltrane sought to have herself joined as a plaintiff in the suit, but the court sustained a plea in abatement to her pleadings. The cause was tried by a jury and on their verdict a judgment for $1,034.35 in favor of appellee was rendered by the court.

The court did not err in permitting appellee to testify that teachers are usually employed in May and June. It became the duty of appellee, when discharged, to use diligence in obtaining other employment. He was discharged in January and got only $90 for three months' work, and he had the right to produce any testimony tending to show the reason for his not being able to get more remunerative employment for the balance of the scholastic year remaining after his discharge. The evidence as to teachers being usually employed in May and June tended to give the explanation. The testimony might have been confined to that object if appellant had sought to so confine it. There is nothing in the contention that appellee had not qualified as an expert. Teaching had been his lifework and he had been teaching in Texas for fifteen years. He testified unqualifiedly that such a custom existed and what it was. The objections were without merit and were properly overruled.

Appellant sued for a salary of $1,200, alleged to be due on a verbal contract which was to be identical with a written contract theretofore made that had expired, except as to a certain lien mentioned in the fourth paragraph thereof. After setting up a renewal of the terms of the written contract it was alleged: "And it was further agreed according to said written contract, that this plaintiff was to teach in Peacock's School for Boys, for the year beginning on the first day of June, 1904, and running up to and including the first day of May, 1905, and that for said services he was to receive the sum of $1,200 per year." The evidence of appellee, which was not objected to by appellant, showed that the year began June 1, 1904, and ended May 31, 1905, as in the previous years under the terms of the written contract. The omission of the figure "3" before the "1" in the petition was clearly a clerical one and the case was treated by the court and both parties as though May 31 had

been used instead of May 1. The whole context of the pleadings shows that was the intention of the pleader. After remaining silent in the trial of the cause in the District Court appellant will not be permitted to raise the question here.

There is nothing in the contention that the charge permitted a verdict in favor of appellee for the whole of the salary regardless of any credit for amounts earned by him after his discharge. That the jury did not so construe the charge fully appears from a verdict allowing all that he earned as a credit on the salary. It was not controverted that appellee sought other employment after he was discharged. Appellant failed to make any issue on that point. That appellee could have lessened his damages by getting other work was a matter of defense to be shown by appellant. (Porter v. Burkett, 65 Texas, 383; Southwestern Tel. Co. v. Bross (Texas Civ. App.), 45 S. W. Rep., 178.) The evidence of appellee not being contradicted by appellant, on this point, the court did not err in telling the jury to credit on the salary the amount that appellee admitted that he had earned.

In his answer appellant alleged that appellee did not give the school loyal support and faithful service, that he had stirred up strife and discontent and had conspired to break down and injure appellee in his management of the school and to obtain possession of it. There was testimony that tended to sustain the charge of bad faith and disloyalty made by appellant. And such being the state of the case appellant had the right to have it presented to the jury by a correct charge appropriate to the facts. The court recognized that right and instructed as to the defense made by appellant as follows: "If you believe from the evidence, that the plaintiff did not give the defendant's school loyal support, as alleged by defendant, then you are instructed that the defendant had the right to discharge plaintiff, and for the "contract period, if any, after such discharge, if any, plaintiff would not be entitled to recover any salary."

There are cases which hold that if an agent is employed for a stipulated term and before the expiration of that term is discharged by reason of his own fault or misconduct, he can recover no wages or compensation for the services already rendered. (Libhart v. Wood (Pa.), 37 Am. Dec., 461; Posey v. Garth, 37 Am. Dec., 183; Clark & Skyles Agency, sec. 365a.)

In other instances it has been held that the unfaithful agent may recover a proportionate part of the stipulated wages, or he may recover compensation for the services actually rendered during the term, and prior to his discharge, to the extent such services were reasonably valuable to the employer, not exceeding the rate of compensation stipulated by the express contract. (Hildebrand v. American Fine Art (60 Wis.), 85 N. W. Rep., 268; Page on Contracts, sec. 1487.)

The latter rule has been adopted by the Supreme Court of Texas, in the case of Cotton v. Rand, 93 Texas, 23, where it is said: "The rule is a just one, and should apply whenever the service is of a uniform character, and the salary may be fairly proportioned by the time of actual service." The court followed the rule of the Supreme Court in the charge hereinbefore copied. Of course the employer could plead in offset any damages resulting from the unfaithfulness of the employe.

The charge of the court though not as full as it might have been was correct to the extent to which it was extended, and it was the duty of appellant to cure any omission in the charge by requesting a correct charge on the question of appellee's disloyalty. The special charges one and two asked by appellant were not correct, under the rule adopted in the Cotton-Rand case, in that it provides for the service rendered only for the time that appellee was faithful and loyal to the school. Appellant accepted and received the benefits of that labor and should pay whatever it is worth as evidenced by the terms of the contract.

The fourteenth assignment of error raises the question of the sufficiency of the evidence to sustain the verdict. There is evidence tending to show that appellee was employed by appellant for the year beginning June 1, 1904, and ending May 31, 1905, at a salary of $1,200, and that he was discharged without just cause in January, 1905, and was unable to secure any employment except for three months at a salary of $30 a month. Whatever might have been our opinion of the evidence untrammelled by the finding of the jury, we must in deference to that verdict hold that the evidence sustains it. The judgment is affirmed.

*Affirmed.*

Writ of error refused.