MILLER v. SEALY OIL MILL & MFG. CO. (No. 5,281.)

(Court of Civil Appeals of Texas. San Antonio. May 6, 1914.)

1. MASTER AND SERVANT (§ 44*) — CONTRACT OF EMPLOYMENT—BREACH—DEFENSE—BURDEN OF PROOF.

Plaintiff having sworn to a breach of a contract of employment by defendant, the burden was on it, if it desired to defend on the ground that plaintiff could have obtained other employment, to prove the same.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 59; Dec. Dig. § 44.*]

2. MASTER AND SERVANT (§ 41*)—CONTRACT OF EMPLOYMENT—BREACH—MEASURE OF DAMAGES.

In an action for an employer's breach of a contract of employment, the plaintiff's measure of damages is the compensation stipulated for in the contract for the balance of the term, in the absence of allegation of proof in mitigation

of damages by the defendant that plaintiff could have obtained other employment.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 12, 50–53; Dec. Dig. § 41.*]

3. MASTER AND SERVANT (§ 41*) — CONTRACT OF EMPLOYMENT—BREACH—ILLNESS.

Where an employé, after having been wrongfully discharged, was ill for a time, the period of such illness could not be deducted from his damage recoverable for breach of the contract.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 12, 50–53; Dec. Dig. § 41.*]

4. TRIAL (§ 252*)—REQUEST TO CHARGE—EVIDENCE.

A charge presenting an issue not raised by the evidence is erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

5. MASTER AND SERVANT (§ 37*) — CONTRACT OF EMPLOYMENT—BREACH—DEFENSES.

It was no defense to an employer's breach of an employment contract that the employé refused to accept a lower salary than that agreed on.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 12, 43; Dec. Dig. § 37.*]

6. CORPORATIONS (§ 426*)—ACTS OF OFFICERS —EMPLOYMENT CONTRACT—RATIFICATION.

Where the officers and directors of defendant corporation paid plaintiff $75 per month under an employment contract for a year between plaintiff and the corporation's president, who acted without authority, such acts constituted a ratification of the contract for the entire term by the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1596, 1702–1704, 1707, 1708, 1710–1716; Dec. Dig. § 426.*]

Appeal from Austin County Court; C. G. Krueger, Judge.

Action by J. E. Miller against the Sealy Oil Mill & Manufacturing Company. Judgment for plaintiff for less than the relief demanded, and he appeals. Reversed and remanded.

W. I. Glenn and Johnson, Matthaei & Thompson, all of Bellville, for appellant. W. I. Hill and C. C. Glenn, both of Sealy, for appellee.

FLY, C. J. This is a suit instituted by appellant to recover damages arising from the breach of a contract of employment. Appellant alleged that he was employed by appellee to perform the work of a bookkeeper, as well as any other work that might be required, for one year beginning June 1, 1911, on a salary of $75 a month; that he worked until January 1, 1912, when he was discharged by appellee; that he was paid for five months, but appellee refused to pay him for the last two months, and he sought to recover his salary, not only for those two months, but for the other five months of the year for which he was employed, the whole amounting to $525. The cause was tried by jury, and resulted in a verdict and judgment for appellant in the sum of $53.

The facts showed that appellant worked for appellee for seven months, that for five

months he was paid $75 a month, but for the last two months he was not paid anything, as he refused to accept $60 a month, and on January 1, 1912, he was discharged. Appellant was employed by one W. W. Moore, who testified that he was acting at the time as president and general manager of the corporation. There was some evidence tending to show that the other officers of the corporation knew of the contract and acquiesced in it.

[1] Appellant having sworn to a breach of the contract by appellee, if appellee desired to defend on the ground that appellant could have obtained other employment, the burden of establishing the defense rested on it. The court placed the burden on appellant of showing that he made diligent efforts to obtain employment. This was error. Porter v. Burkett, 65 Tex. 383; S. W. Tel. Co. v. Bross, 45 S. W. 178; Peacock v. Coltrane, 44 Tex. Civ. App. 530, 99 S. W. 107; Weber Engine Company v. Bradford, 34 Tex. Civ. App. 543, 79 S. W. 46.

[2] The court charged the jury that, if appellant proved his contract and a breach thereof, and that he made diligent effort to obtain other employment, he should recover for the time from November 1, 1911, to June 1, 1912, "except for such period of time as he was sick during that time." It was in evidence that appellant had pneumonia some time after he was discharged. The charge did not give the proper measure of damages. The measure of damages was the compensation stipulated for in the contract, in the absence of allegation and proof by appellee that he could have obtained other employment, which proof would not be a complete defense. Weber Engine Company v. Bradford, herein cited.

[3] The time appellant was sick after his discharge could not be deducted from his damages. Appellee should not be allowed to defend against its breach of a contract by showing the misfortune of appellant; there being no such stipulation in the contract.

[4] The third assignment of error is sustained. There was no testimony tending to show that appellant had overdrawn his salary, but that it was paid to him without cavil or question until November, 1911. The charge presented an issue not sustained by the evidence.

The fourth, fifth, and sixth assignments of error are overruled. There was testimony raising the issues submitted in the charges assailed in the assignments.

[5] Appellee could not protect itself from the consequences of its breach of the contract by showing that appellant refused to accept a lower salary than that agreed upon, and the court erred in so instructing the jury. The special charge set out in the eighth assignment of error should have been given by the court.

The court properly refused the charge set out in the ninth assignment of error, which was clearly on the weight of the evidence.

[6] The president and manager had no authority to employ men for a year at an agreed salary, unless he had been given such authority by the charter, or had been given general control and management by the stockholders or directors, but, even if he had no such authority, the corporation may be estopped to deny such authority, if it has clothed him with apparent authority to act for it in making contracts or doing other acts. It may also impliedly or expressly ratify contracts or other acts done without authority. If the corporation accepts the benefit of the contract or acquiesces therein with knowledge, it impliedly ratifies it. Clark & Marshall, Priv. Corp. § 701, pp. 2132–2143. If the officers and directors of appellee paid appellant $75 a month under an employment by its president, the corporation should not be heard to deny his authority to make the contract. A ratification with knowledge of authority to employ for five months would carry with it a ratification for the entire time. If the directors had knowledge of the contract, or if the facts are such as to justify the presumption that they did have knowledge then a failure to disaffirm amounts to ratification. Acquiescence implies knowledge. Clark & Marshall, Priv. Corp. § 717, p. 2191.

Moore testified that he told Hackbarth and Schier, directors, about the contract with Miller, and it was not error to allow Schier to deny that such information was given him.

The contract was in writing, as evidenced by a letter from Moore to Miller, in which he informed him that everything had been arranged "your salary to be $75 per month for one year."

For the errors indicated, the judgment is reversed and the cause remanded.