## WESTERN UNION TELEGRAPH CO. v. WHITE. (No. 6468.)

(Court of Civil Appeals of Texas. Austin. June 28, 1922. Rehearing Denied Oct. 4, 1922.)

1. **Telegraphs and telephones ⬳52—Duty to mitigate damage stated.**

Where through an error in a telegram plaintiff lost the sale of cotton, he was under no duty to the defendant telegraph company to mitigate the damages by selling until the error was discovered.

2. **Telegraphs and telephones ⬳70(I)—Measure of damages for loss of sale of cotton stated.**

Where through error in a telegram plaintiff lost the sale of cotton, the measure of damage was the difference between the sale price and the highest market price obtainable immediately after plaintiff's discovery of the error.

3. **Telegraphs and telephones ⬳66(I)—Mitigation of damages defensive matter.**

Where through error of a telegram plaintiff lost the sale of cotton, which was sold on discovering the error if he was under the duty to dispose of it sooner to mitigate his loss, this was defensive matter, and the burden was on defendant telegraph company to show that by the use of reasonable diligence plaintiff could have sold to a better advantage.

Appeal from District Court, Coleman County; J. O. Woodward, Judge.

Action by W. H. White against the Western Union Telegraph Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Francis R. Stark, of New York City, and McCartney, Foster & McGee, of Brownwood, for appellant.

Critz & Woodward, of Coleman, for appellee.

---

BRADY, J.   Appellee sued appellant for damages arising out of the alleged negligent transmission of a telegram.   On May 21, 1920, appellee owned 33 bales of cotton, then in the possession of Gordon & Company, cotton factors, at Houston, Tex.   On that date he sent the following telegram from Santa Anna, Tex., to Gordon & Company: "Sell my cotton to best advantage."   Upon receipt of this telegram, the factors sold the cotton in Houston for 15 cents per pound, and on May 22d delivered to appellant for transmission to appellee's agent, First State Bank at Santa Anna, the following telegram:   "Sold White 33 bales 15¢ round; market lower."   The telegram as delivered to the Bank read: "Hold White 33 bales 10¢ round; market lower."   White then directed the bank to inform Gordon & Company by telegram, not to sell the cotton at 10 cents, and on May 22d the bank sent this telegram: "Do not sell White cotton price mentioned in your telegram."

Gordon & Company received the last-quoted telegram without knowledge of the errors in transmission of the telegram advising the sale at 15 cents per pound, and immediately canceled the sale, which right they had reserved.   Appellee had no notice of the errors in the telegram until August 21, 1920, and immediately upon discovering such errors caused Gordon & Company to sell 28 bales of the cotton at 11 cents per pound, the highest market price obtainable at that date.

[1, 2]   The case was tried without a jury, and the court rendered judgment for appellee for the sum of $572, with interest, being the difference between 11 cents per pound and 15 cents per pound on the cotton actually sold.

In addition to the facts above stated, the trial court found that appellee would have received the price of 15 cents per pound for his cotton if the sale had been consummated, and if he had known that the cotton had been sold for 15 cents per pound he would have confirmed the same, and would not have rejected the sale; further, that there was no market for such cotton between May 22, 1920, and August 21, 1920, and that immediately upon discovery of the errors in the telegram of May 22d appellee sold the cotton at the highest market value on that date; that neither appellee nor the bank at Santa Anna was negligent in any respect, and that appellant was negligent in making the errors in the telegram referred to; that appellee could not have lessened the damages by any act or conduct of his between the dates mentioned.

Some of the findings of the trial court are vigorously assailed, but, in the view we take of the case, it is not necessary to decide whether they are sustained by the evidence. The evidence shows, and the court found, that appellant's negligence caused the loss by appellee of a sale of the cotton at 15 cents per pound.   It is true, of course, that appellee believed that there was some mistake in the telegram from Gordon & Co., and that they had sold the cotton at 10 cents per pound, or that they were holding the same because that price was too low.   Therefore, after sending the telegram to Gordon & Co. not to sell at such price, appellee knew that he still had on hand 33 bales of cotton unsold at Houston, but he did not know that his cotton had been sold for 15 cents per pound, and was prevented from acquiring this knowledge by the negligence of appellant.   Appellant, however, insists that the legal measure of damages is the difference between the highest market price between May 22d and August 21st and the price at which the cotton was first sold by Gordon & Co., and that plaintiff did not plead and prove that 11 cents was the highest market value during that period.   This contention is made regardless of the fact that appellee did not discover the errors and did not know a sale of his cotton had been made at 15 cents per pound until August 21st.   We are of the opinion that this position is not tenable under the particular facts of this case.   It is our view of the law that appellee was under no duty to appellant to mitigate the damages until discovery of the errors.   Up to that time appellee had the right to hold his cotton, and his failure to sell could not benefit appellant, although there might have been a rise in the market.   He owed no duty to appellant to sell the cotton, at least until after discovery of the errors.   The finding is, and it is not disputed, that immediately upon discovering the errors he sold to the best advantage.   In these circumstances, we think the measure of damages applied by the trial court was correct.

[3]   If we should be mistaken in the above view of the case, and if appellee was under any duty to dispose of the cotton sooner, to mitigate the damages as contended by appellant, yet we think this was a defensive matter.   Appellant did not prove that between May 22d and August 21st appellee could have sold the cotton for more than 11 cents per pound.   We agree with appellee's counsel that the relevant principle is analogous to that applied in cases where an employé is discharged, and he seeks to recover the balance of salary.   Peacock v. Coltrane, 44 Tex. Civ. App. 530, 99 S. W. 107; Express Co. v. Walters, 42 Tex. Civ. App. 355, 93 S. W. 496. Appellant did not show that, by the use of reasonable diligence, appellee could have sold the cotton to better advantage.   Therefore we need not determine whether the evidence was sufficient to support the findings that there was no market for the cotton between the date of the errors and of the sale by appellee, nor whether the price of 11 cents was the highest market value during that period.

All assignments have been given due con-

sideration, and are believed to be without merit. The judgment will be affirmed.

Affirmed.