## GRIMES v. BOWMAN.
### No. 2016.

Court of Civil Appeals of Texas. Waco.

Oct. 20, 1938.

Rehearing Denied Dec. 15, 1938.

Bond & Porter, of Terrell, Carlisle & Henry, of Kaufman, for appellant.

Ross Huffmaster and Monroe Ashworth, both of Kaufman, for appellee.

GALLAGHER, Chief Justice.

This suit was instituted by appellant, Reese Grimes, against appellee, C. E. Bowman, to recover damages for the alleged breach by appellee of a contract for the cultivation by appellant of certain lands on shares and the eviction of appellant therefrom. Appellant alleged that appellee rented to him for the year 1935, 160 acres of land, together with a four-room dwelling house and other improvements situated thereon; that 145 acres of said land were in cultivation; that appellee agreed to furnish appellant teams, feed, seed for planting and all tools and implements necessary for the planting and cultivation of crops on said land; that he agreed in return therefor to cultivate said land and to deliver to appellee one-half of all the crops grown thereon during said year. He also alleged that he was in possession of said land under a like contract for the preceding year but that appellee breached his contract for the rental of said land for the year 1935 and evicted him therefrom by summary process before he had planted any crops thereon for said year. He alleged in detail the amount and kind of crops he

would have planted during said year, the probable yield and current price therefor. He alleged specifically that after the breach of said contract he used all reasonable diligence to get work for himself and his family but was unable to secure such employment. Appellee pleaded only a general denial.

Appellant's case was submitted to the jury on nineteen special issues, all of which were answered favorably to his contentions. On such answers he was entitled to a judgment for the sum of $304.25. We deem it necessary to quote only three of said issues and answers, which were, in substance, as follows:.

"(17) Do you find from a preponderance of the evidence that after appellant was informed that he could no longer occupy the premises in question, he used reasonable diligence in procuring a farm to be cultivated by him for the year 1935?"

Answer: "Yes."

"(18) What amount of money did appellant and his family earn during the crop year of 1935?"

Answer: "$194.00."

"(19) What amount of money, in addition thereto, could the plaintiff and his family, by the exercise of reasonable diligence, have earned during that crop year?"

Answer: "Nothing."

The court, at the request of appellee, submitted and the jury answered an issue as follows:

"Do you find from the evidence that the plaintiff Grimes could have rented land of the same kind and character as that described in his petition, for the year 1935?"

Answer: "Yes."

Appellant filed a motion asking the court to render judgment in his favor on the verdict of the jury for said sum of $304.25, or in the alternative, to disregard the finding of the jury on the issue submitted at the request of appellee as aforesaid and render judgment in his favor for said sum. He contended in said motion that said finding was without support in either the pleadings or the evidence; that it was vague and indefinite and was not a finding that appellant could have secured a place on which he could have earned as much as on the place from which he was evicted, and that it was not a finding that appellant could have secured another place after his actual eviction. The court heard and overruled appellant's motion and rendered judgment

on the findings of the jury and the evidence that appellant take nothing by his suit.

Opinion.

■■ Appellant, by a group of propositions, assails the action of the court in rendering judgment that he take nothing by his suit. An inspection of the record leads to the conclusion that said judgment was based on the answer of the jury to the special issue submitted at the request of appellee. Appellant, in his motion for judgment, assailed this finding on the ground that it was without support in either the pleadings or the evidence. A party suing on a broken contract involving the rendition of personal services is not required to plead and prove that he could not have minimized his damages by securing other employment of the same or similar kind. The burden is on the defendant employer in such cases to plead and prove that such employment could have been secured. 13 Tex.Jur. p. 335, sec. 187; Moody & Co. v. Rowland, 100 Tex. 363, 99 S.W. 1112; Porter & McMillian v. Burkett, Murphy & Burns, 65 Tex. 383, par. 3; Miller v. Sealy Oil Mill & Mfg. Co., Tex. Civ.App., 166 S.W. 1182, 1183, par. 2; Weber Gas & Gasoline Engine Co. v. Bradford, 34 Tex.Civ.App. 543, 79 S.W. 46, par. 2; Bost v. McCrea, Tex.Civ.App., 172 S.W. 561, par. 5; World's Special Films Corporation v. Fichtenberg, Tex.Civ.App., 176 S.W. 733, par. 1; McDaniel Bros. v. Wilson, Tex.Civ.App., 70 S.W.2d 618, 623, pars. 19 and 20 (writ refused) and authorities there cited. Said issue being without support in the pleadings, it could not be made the basis of the court's judgment in this case.

■■ The contemplated contribution by appellant to the joint enterprise of raising crops for said year was the furnishing of the necessary labor for such purpose. This, he testified, was to be supplied principally by himself and two of his minor children. He was a married man and with his wife and four children resided in a four-room dwelling house situated on the land. No complaint is made of the improvements on said land and we may assume they were reasonably suitable as a residence for himself and family. Employment of himself and children and a suitable home for his family were material elements of the contract which he claimed was breached by appellee. Rogers v. Mc-Guffey, 96 Tex. 565, 566, 567, 74 S.W. 753; Crews v. Cortez, 102 Tex. 111, par. 1, 113

S.W. 523, 38 L.R.A.,N.S., 713. The duty of a tenant on shares to minimize the damages resulting from his landlord's breach of their contract is generally, and, we think, properly, expressed in the alternative. Such duty is said to be to account for the amount he could have earned by the exercise of ordinary diligence in leasing and cultivating other lands equally available, or by engaging in other employment. Lott v. Ballew, Tex.Civ.App., 198 S.W. 645, par. 2; Bost v. McCrea, Tex.Civ.App., 172 S.W. 561, 564, par. 4. See, as analogous, San Antonio & A. P. Ry. Co. v. Collins, Tex.Com.App., 61 S.W.2d 84, 89, pars. 3 and 4, and authorities there cited. The testimony of the witness Trail, upon which said finding was necessarily based, was insufficient to show that the lands which he said he offered to lease to appellant were equally available and suitable to appellant's purposes as those from which he was evicted by appellee.

The judgment of the trial court is reversed and the cause is remanded.