### BOWMAN v. GRIMES.
### No. 2178.

Court of Civil Appeals of Texas. Eastland.
Oct. 10, 1941.

Rehearing Denied Oct. 31, 1941.

Ross Huffmaster, of Kaufman, for appellant.

Carlisle & Henry and Fred T. Porter, all of Kaufman, for appellee.

FUNDERBURK, Justice.

This suit was brought by Reese Grimes against C. E. Bowman to recover damages for alleged breach of a rental contract. The subject-matter of the alleged contract was a farm owned by Bowman consisting of 160 acres of land with a four-room dwelling house thereon. The term of the alleged tenancy was for the year 1935. A former judgment in favor of Bowman was, upon an appeal by Grimes, reversed and the cause remanded. Grimes v. Bowman, Tex. Civ. App., 122 S.W.2d 361. Thereafter, in a jury trial judgment was rendered for Grimes, from which Bowman prosecutes this appeal.

The first special issue submitted to the jury and found in the affirmative was: "Do you find from a preponderance of the evidence that the defendant Bowman rented the land in question to the plaintiff Grimes for the year 1935?" Relative to the submission of such issue, appellant urges, two propositions, contending in the first that "Where the trial court undertakes to submit the case to the jury on special issues only, issues calling for a finding of fact by the jury should be submitted and questions of law or questions of mixed fact and law should not be submitted to the jury, but should be passed upon by the court." In the second proposition it is asserted that "When any facts and conversations, at different times testified to by a number of witnesses, are in evidence to prove a contract and it is a matter of controversy as to whether the contract was made, the issue of fact should be submitted to the jury for their determination.

"But the legal effect of the facts found by the jury are for the court to determine and hold as a matter of law whether or not the facts found by the jury constitute a contract."

Grimes alleged an oral contract consisting of particular provisions. The general denial of Bowman cast upon Grimes the burden of establishing that the contract with the alleged provisions was made. "Plaintiff could only recover upon proof of the contract alleged." McAlister v. Bivings, Tex.Civ.App., 29 S.W.2d 853, and authorities cited.

While the entire issue included not only the fact that a contract was made, but also the alleged provisions of the contract, the evidence made it clear that the real controversy was as to the existence of the contract, whether any contract was made, and not whether if made, it consisted of the alleged provisions. It was therefore, natural and proper for the parties to agree or acquiesce in submitting the issue in such manner as to call for a finding of the very matter in actual controversy, namely, whether the rental contract was made. This was at least an important element of an issue of fact made by the pleadings and evidence. If the defendant desired that the issue be so submitted as to elicit a finding not only of the making of the contract, but also the particular alleged provisions thereof, it was necessary, at least, to point out the defects, if any, in the submission by a constructive objection. The issue was submitted without objection and the legal effect of the absence of objection is to imply acquiescence by all parties in such manner of submission.

We do not hold that even had such objection been made and overruled the error would, under the evidence in this case, have

been material. However, it is not necessary that we express a definite opinion upon that point.

It is next contended that one issue relating to reasonable market value, but without reference to any fixed place or time, was erroneous. The same principles already discussed apply here. Properly defining, conditioning or limiting elements of an issue when not indicated in the statement of the issue as submitted by the court are required to have their omission pointed out by constructive objection. The record shows no objection made to the submission of the issue. Implicit in the absence of such objection is an acquiescence of all parties in the submission as made.

There appearing no reversible error, it is our conclusion that the judgment should be affirmed.