PORTER & McMILLAN V. BURKETT, MURPHY & BURNS.

(Case No. 2171.)

1. CONTRACT—MEASURE OF DAMAGES FOR BREACH BY EMPLOYER—A person who has been stopped in the performance of a contract by the default or by the direction of his employer, is entitled to compensation for the losses he sustains; but he is entitled to compensation only, and not to the gross amount he would have received from his employer had the contract been fulfilled. (Citing Masterton v. Brooklyn, 7 Hill, 62.

2. SAME—Such person may recover the natural and probable profits his contract would have yielded him, when they are certain, and not contingent, speculative or remote; but he should not receive, when the work is not completed, the same amount of money he would have been entitled to, had the contract been fully executed.

3. PLEADINGS—PETITION NOT BOUND TO NEGATIVE EVERYTHING THAT MIGHT DEFEAT THE ACTION—SUCH, A MATTER OF DEFENSE—In a suit by an employe against his employer for breach of contract, it is not necessary for plaintiff to allege that he could not have saved himself from the consequences of the default of the defendant, by obtaining work elsewhere. A plaintiff is not bound to negative everything that might defeat his action; but, if the loss which he shows he has sustained is to be reduced from any excuse not necessarily occurring, this must, in all such cases, be shown by the opposite party, in defense.

4. SAME—See this case for a petition in a suit for damages for breach of contract, held good on demurrer.

ERROR from Tyler.    Tried below before the Hon. W. H. Ford.

This suit was instituted, in the district court of Tyler county, September 2, 1882, by Porter & McMillan against Burkett, Murphy & Burns, for damages for breach of contract.    The plaintiff's amended original petition, filed December 18, 1882, alleged that on May 19, 1882, defendants were engaged in the construction of the Sabine and East Texas railroad, in Tyler county, and, on that date, entered into a contract with plaintiffs for the hire and services of "four-mule teams," with the necessary implements and teamsters, to be furnished by plaintiffs to defendants, to work upon that railroad, and defendants agreed to give employment to the teams, on the grade of the railroad, for the period of ninety consecutive working days from the date they should begin work, and promised to pay plaintiffs sixteen cents for each cubic yard of earth that should be excavated from, or put on, the grade or track of the railroad by plaintiffs with their outfit, and seventeen cents for each cubic yard so removed or placed from a depth, or at an elevation, of ten feet from the surface; that defendants further stipulated that the soil or earth to be so excavated and placed by plaintiffs with their teams should be of a loose, sandy character; that plaintiffs commenced work under their contract, on June 2, 1882, with their teams, teamsters and tools, and continued the work for the period of twenty-one days, at the end of which time the defendants refused to furnish them with further work, as had been contracted; that during the ninety days plaintiffs were ready and willing to carry out their contract, but defendants would not further employ them or their teams, or supply them with work, though the same was demanded, and wholly refused to comply further with their undertakings; that, during the twenty-one days' labor, plaintiffs were required to excavate and remove black, waxy earth, commonly called "gumbo" soil, instead of the loose, sandy soil which defendants had stipulated that plaintiffs would be required to work in, and that plaintiffs could and would have moved, handled and placed at least twice as much of the latter soil as they did excavate or remove, or could have excavated or removed, of the former soil; that plaintiffs, if defendants had complied with their contract, could and would have placed and excavated in ninety days, with their teams, on the grade or road-bed, twenty-one thousand and six hundred cubic yards of earth, for which, according to the terms of the contract, they would be entitled to receive $3,453, but, for their twenty-one days' work, in the black, waxy soil, they received from defendants only $421;

and that, by reason of the defendants' breach of contract in refusing, although requested, to furnish plaintiffs with work and employment for ninety days, with their teams, in loose, sandy soil, as agreed, plaintiffs had been damaged in the sum of $3,032, for which they prayed judgment.

To this petition defendants filed general demurrer and special exceptions, which called in question the sufficiency of the petition, because of its failure to allege that defendants had other work which they might have given plaintiffs after they had worked twenty-one days, and because it was not alleged that plaintiffs, together with their teams, were idle, and diligently sought and failed to obtain other employment during the remainder of the ninety days, and because the averments of damages for difference of earnings from working in loose, sandy soil, and sticky, "gumbo" soil, and the claim as to the quantity of soil that could have been moved if plaintiffs had been at work during the balance of the ninety days after the twenty-one days, were too remote and speculative.

The court below sustained the defendants' demurrer and special exceptions, and, the plaintiffs declining to amend, rendered judgment in favor of defendants in the usual form. Plaintiffs excepted to the judgment, and have brought the case to this court by writ of error, assigning the following as grounds for reversal:

1. The court erred in sustaining defendants' general demurrer to plaintiffs' amended original petition.

2. The court erred in sustaining defendants' special exceptions to plaintiffs' amended original petition.

3. The court erred in rendering judgment against the plaintiffs.

*S. B. Cooper* and *James B. Stubbs*, for plaintiffs in error, that the petition was good on general demurrer, cited: Williams *v.* Randon, 10 Tex. 74; Trammell *v.* Trammell, 20 Tex. 406; Collins *v.* Warren, 63 Tex. 311.

That it was not necessary for plaintiffs to negative, in their petition, the fact that they might have obtained employment elsewhere, they cited: Hearne *v.* Garrett, 49 Tex. 619; Wooters *v.* I. & G. N. R'y Co., 54 Tex. 299.

That the damages claimed were not remote, they cited: Jones *v.* George, 61 Tex. 345; Calvit *v.* McFadden, 13 Tex. 324; Hassell *v.* Nutt, 14 Tex. 260; Meade *v.* Rutledge, 11 Tex. 44.

*T. T. Gammage* and *T. W. Ford*, for defendants in error, that, under

the allegations of the petition, plaintiffs could, at most, recover only nominal damages, and that, therefore, the court did not err in sustaining the general demurrer, cited: Hope v. Ally, 9 Tex. 395; King v. Watson, 3 Tex. Law Rev. 299.

That the petition should have alleged, that plaintiffs sought other employment and failed to obtain it, they cited: Hearne v. Garrett, 49 Tex. 619; Jones v. George, 61 Tex. 361; Everson v. Powers, 42 Am. Rep. 320; 89 N. Y. 527; Field on Dam., secs. 123, 126.

On the question of remote and speculative damages, they cited: Jones v. George, 56 Tex. 152; Ib., 61 Tex. 361; King v. Watson, 3 Tex. Law Rev. 299.

WILLIE, CHIEF JUSTICE.—The petition set forth a good cause of action, as it alleged a breach of contract on the part of the appellees, without default of the appellant; and, under its allegations, the latter were entitled to recover some damages for the injury they had thereby suffered. 2 Suth. on Dam., 521; Black v. Woodrow, 39 Md. 194.

We do not think, however, that the measure of damages claimed in the petition is correct. A person who is stopped in the performance of a contract, by the default or direction of his employer, is entitled to compensation for the losses he sustains; but he is entitled to compensation only, and not to the gross amount he would have received from his employer had the contract been fulfilled. Masterton v. Brooklyn, 7 Hill 62. He may recover the natural and probable profits his contract would have yielded him, when they are certain and not contingent, speculative or remote, but he must not receive, when the work is not done, the same amount of money he would have received had the contract been fully executed. Here the petition claims for the sixty-nine days which elapsed after the work had been stopped, the exact amount the appellants would have received had the contract been performed. No allowance is made for the expenses they would have incurred in performing the contract. To arrive at the profits, we must deduct all reasonable outlays and expenses from the price to be received for executing the work. It has been held that a further deduction should be made for the less time engaged, and for release from care, trouble, risk and responsibility attending a full execution of the contract. U. S. v. Speed, 8 Wall 77.

As to the twenty-one days during which the appellants were engaged in working in black, waxy soil, their damages will depend upon the circumstances under which the work was done. If they voluntarily undertook to work in this kind of soil, when they were not obliged to do so, and treated the work done by them as performed

in accordance with the contract, and accepted the $421 in payment for such work, they may not be entitled to recover any further sum upon that portion of their work. But if appellees, after inducing them to remove their wagons, teams and laborers, from Mexico to Tyler county, would give them no other work, and for this reason they were bound to labor in this character of soil, they can recover the reasonable value of their work done, less the sum received upon it. The latter case seems to be the one intended to be made by the petitioner, though the averments upon the subject are not as clear as they should be. The contract price cannot, under this state of the case, govern in making the estimate of compensation for the twenty-one days. There was no contract for work in black soil, and an estimate of what such work is worth, must be made without reference to the contract as to a different character of soil. Hence, the claim to receive more than twice as much for the twenty-one days' work as had been paid them, cannot be sustained, unless this was the reasonable value of that work. We think, therefore, that, under the allegations of the petition, the plaintiffs were entitled to recover no more than the reasonable value of the twenty-one days' work done by them, and the profits they would have made under the contract, during the remainder of the ninety days; these profits to be estimated as heretofore stated. But, as the plaintiffs below alleged a good cause of action entitling them to damages, and erred only in the amount claimed, the petition was certainly not subject to a general demurrer.

As to the special exceptions, it was not necessary to allege that the plaintiffs could not have saved themselves from the consequences of the default of defendants by obtaining work elsewhere. If it were shown on the trial that they could, by this means, have reduced their losses or saved themselves harmless, it would have been a good defense, in whole or in part, to the action. A plaintiff is not bound to negative everything that might defeat his action. If the damages he shows he has incurred are to be reduced from any cause not necessarily occurring, in all such cases this must be shown by the opposite party in defense.

The objection that the damages claimed are too speculative or remote has been, in effect, already disposed of. We hold the claim made in the petition, to be incorrect, not for this reason, but because it is for too much. The plaintiffs would have been entitled to recover for the sixty-nine days of the contract had they credited the defendant with outlays, expenses, etc., as heretofore mentioned in this opinion. But, admitting that the special exceptions were well taken, and the plaintiffs refused to amend to meet the objections contained in

them, their case is not thereby prejudiced, as the general demurrer was also sustained. What does it avail a plaintiff to fortify his petition against a special exception, when the court, in effect, holds that if he does so it is still bad on general demurrer? There can be no use in amending a petition in one particular, when, after amendment, it shows upon its face no cause of action.

We are of opinion that the court erred in sustaining the demurrer and exceptions to the petition. The judgment will therefore be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered January 29, 1886.]