Pacific Express Company v. J. B. Walters.

Decided March 17, 1906.

**1.—Breach of Contract—Motive—Proof.**

The plaintiff having specifically plead that he was discharged for the sole purpose of reinstating the old employes of defendant, and not for good cause, and prayed for exemplary damages, had the right to introduce evidence of the motive of appellant in discharging him.

**2.—Contract of Employment—Breach—Damages.**

Where a contract for employment has been breached by the employer, suit may be brought by the employe immediately, or after the expiration of the contract term. If brought before the expiration of the contract term, only such damages as have accrued up to the time of trial can be recovered. It is the employe's duty to use reasonable diligence to obtain other employment, and lessen the loss. The burden is on the employer to plead and prove the amount that the employe could have earned by the exercise of ordinary diligence.

**3.—Charge on Weight of Evidence—When not Error.**

Where a charge submits matters which are undisputed, it is not subject to the objection that it is on the weight of evidence.

Appeal from the District Court of Van Zandt County. Tried below before Hon. R. W. Simpson.

*J. M. McCormick*, for appellant.—The motive of appellant in discharging the plaintiff was an irrelevant inquiry, and testimony along that line should not have been admitted over the objection of the appellant. Whether ground existed for his discharge, by occasion of his inattention to its business, was a legitimate inquiry, and the only legitimate inquiry along that line. If appellant had a right to discharge the plaintiff the motive actuating it in discharging him would not affect the question. Nor would the motive of his discharge tend to prove, or disprove, whether he was conducting his business properly or improperly. McAlpin v. Cassidy, 17 Texas, 466; Gulf, C. & S. F. Ry. Co. v. Johnson, 91 Texas, 572.

It was the duty of the plaintiff, at least after he had instituted this suit on the 22d day of March, 1904, suing by anticipation for his whole damages for the contract period up to October 6, 1904, to have used

reasonable diligence to secure other employment and not to rely on a breached contract, and hold himself in readiness to perform under it. Litchenstein v. Brooks, 75 Texas, 197; Simon v. Allen, 76 Texas, 399; Gulf, etc., Ry. v. Jackson, 69 S. W. Rep., 89; Efron v. Clayton, 35 S. W. Rep., 424; Julius Kessler & Co. v. Ellis, 87 S. W. Rep., 799.

The court erred in giving the special charge requested by plaintiff in connection with special issue number 8, quoted in the opinion. Hurlbut v. Boaz, 4 Texas Civ. App., 376; Galveston, H. & S. A. Ry. Co. v. Knippa, 27 S. W. Rep., 732; Lewis v. Alexander, 31 S. W. Rep., 416; Taylor, etc., Ry. v. Warner, 88 Texas, 647; Gulf, etc., Ry. v. Johnson, 91 Texas, 572.

The determination of ultimate facts alone should be submitted to the jury, and not the determination of facts which simply tend to establish other facts. The motive of defendant in discharging plaintiff was not an ultimate fact. The ultimate fact was whether ground existed for his discharge. The exercise of a legal right is not actionable because of a bad motive.

The judgment of the court, in a case tried before the jury on special issues, must be supported by the findings of fact by the jury, and by the evidence insofar as the findings of fact are silent; and where the findings are inconsistent with each other, the judgment is not supported. Rev. Stats., art. 1331.

*Kearby & Kearby*, for appellee.—That the burden was on defendant to plead and prove what amount the plaintiff could have earned by the exercise of reasonable diligence, after his discharge: Eforn v. Clayton, 35 S. W. Rep., 424; Missouri, K. & T. Ry. Co. v. Faulkner, 31 S. W. Rep., 543.

If a charge submits matters which are undisputed, it would not be a charge on the weight of evidence. Missouri Pac. Ry. Co. v. James, 10 S. W. Rep., 332.

BOOKHOUT, Associate Justice.—This suit was instituted by J. B. Walters against the Pacific Express Company and J. A. Russ, in the District Court of Van Zandt County, on March 22, 1904, to recover the sum of nineteen hundred dollars, alleged damages for breach of contract of employment.

The plaintiff alleged that the defendants, on the 6th day of October, 1903, employed him to work as a messenger in Texas, at a salary of $80 per month, for twelve months. That he worked until the 14th day of December, 1903, when, without cause, he was discharged, on account of the favoritism of the defendants to other employes. He alleged the circumstances of his discharge, and prayed for damages in the sum of nineteen hundred dollars, cost of suit and general and special relief.

The defendants filed answer, consisting of demurrers and general denial; a special plea setting up the circumstances and manner of plaintiff's employment, and that the contract of employment was not for a year; that plaintiff had estopped himself to claim that he had a contract for a year; a plea alleging that plaintiff was discharged for inattention to the duties assigned him; and a plea alleging that no officer of defendant had authority to hire employes for a definite time;

and a plea that plaintiff had earned, since his discharge, one thousand dollars.

Plaintiff filed first amended original petition March 28, 1905, substantially in the terms of his original petition, but increasing his damages to two thousand dollars, and separating his damages into actual and exemplary damages, claiming one thousand dollars for each. During the trial plaintiff filed a trial amendment over the objection of the appellant, dismissing his action as to the defendant J. A. Russ, and alleging that the contract was simply one between the plaintiff and the appellant.

The case was tried before the court and the jury, and was submitted on special issues. Judgment was rendered March 28, 1905, against the appellant in favor of plaintiff for $678.60. Defendant appealed.

*Opinion.*—Error is assigned to the action of the court in admitting, over the objection of appellant, evidence tending to show that the purpose of appellant, in discharging plaintiff and other parties employed to take the place of strikers, was, the strike having ended, to take back its old employes. The contention is that the motive of appellant in discharging the plaintiff was irrelevant, and evidence to show the motive should not have been admitted over exception made thereto. Appellee plead specifically that he was discharged for the sole purpose of re-instating the old employes and not for good cause and prayed for exemplary damages. Under this pleading the appellee had the right to introduce evidence of the motive of appellant in discharging him. But it is argued that the issue as to exemplary damages was not submitted to the jury. The cause was submitted to the jury on special issues and no issue as to exemplary damages was submitted or requested. Carson for appellant, testified that he discharged the appellee for carelessness in handling valuable packages. The appellee's testimony tended to show that this was not true, and that his real purpose in discharging him was to take back the old employes. It was not error to admit the evidence.

Complaint is made of the action of the court in refusing to set aside the verdict, for the reason that the testimony showed without contradiction that plaintiff failed to use reasonable diligence to secure other employment during the alleged contract period, but on the contrary, the evidence shows that he did not make such effort. Under this assignment is presented the proposition, that it was the duty of the plaintiff, at least after he had instituted this suit on the 22d day of March, 1904, suing by anticipation for his whole damages for the contract period up to October 6, 1904, to have used reasonable diligence to secure other employment and not to rely on a breached contract and hold himself in readiness to perform under it.

Plaintiff testified that "up to the 6th day of October, 1904, I was holding myself in readiness to go to work for the express company, and I would not take any permanent employment that would interfere with that." He testified that he did some work for Wright Bros. in straightening out some books for which he received $60. He did some work for F. R. Penn Tobacco Company. When the express company breached the contract a cause of action for his damages arose in favor of plaintiff. His right to recover the loss sustained by the breach, not to exceed the

contract price, arose at once. In such case suit may be brought at any time before the cause of action is barred by limitation, either immediately or after the expiration of the time the contract was made for. Only such damages as have accrued up to the time of the trial can be recovered. *Litchenstein v. Brooks*, 75 Texas, 197.) It was the plaintiff's duty to use reasonable diligence to obtain other employment and thereby lessen the loss. The plaintiff is not required to plead or prove the amount that he could or did earn after his discharge, during the period contracted for. This is defensive matter. The burden is upon defendant to plead the amount that the plaintiff could have earned by the exercise of ordinary diligence after his discharge. (*Missouri, K. & T. Ry. Co. v. Faulkner*, 31 S. W. Rep., 543; *Efron v. Clayton*, 35 S. W. Rep., 424.) The only pleading of defendant in this respect is that "plaintiff has earned prior to the 12th day of October, 1905, the sum of $1,000—by his personal services rendered to other persons, and the defendant pleads the said earnings in defense of this suit." There was no evidence offered to show how much plaintiff could have earned by the use of reasonable effort. The jury find that plaintiff did use reasonable diligence to secure employment after he was discharged, but that he did not seek permanent employment which would prevent him from resuming his contract with defendant, if called upon to do so. There was no error in refusing to set aside the verdict.

At the request of plaintiff the court gave the following special charge: "You are hereby instructed that in connection with special issue No. 8, submitted to you by the court, you are hereby further instructed that if at the time said contract, if any was made, that the plaintiff informed J. A. Russ that he knew nothing at all about the express business and had had no experience therein, then you may take the fact of such inexperience, if any, into consideration in determining whether or not plaintiff was reasonably competent and careful in connection with the length of time he had been employed." Special issue No. 8, referred to in this charge, is, "State whether or not plaintiff was reasonably competent and careful for and in the conduct of employment of express messenger on the date or just before the date of his discharge? Answer, 'yes' or 'no.' By reasonably competent and careful is meant such as an ordinary competent and careful person would use under similar circumstances." The jury answered, "Yes."

It is contended that this charge is on the weight of evidence. It was plead by appellee that he was inexperienced in the business when employed and that appellant was so informed. The evidence supported these allegations. He only worked about two months and was discharged, as Carson says, because of his incompetency. We are inclined to the opinion that the charge is not subject to the criticism made. The matters submitted in special issue number 8 do not seem to have been controverted. The testimony of appellee and of Russ, appellant's superintendent, was to the effect that appellee was without experience when the contract was made and appellee testifies that he so told Russ. The charge complained of having submitted matters which were undisputed, it is not subject to the objection that it is on the weight of evidence. (*Missouri Pac. Ry. v. James*, 10 S. W. Rep., 332.) Again, by the terms of the charge the jury are told they are to consider it in

connection with special issue number 8, and it seems clear that they could only have considered it with reference to such issue. Independent of the answer to that issue, the answers of the jury to the other special issues were sufficient to support the judgment. Special issue number 9 reads: "State whether or not plaintiff was discharged because he was not competent and careful in the management of the business of messenger of defendant?" The jury answered "No."

Special issue number 6, propounded at the request of appellant, is, "Did plaintiff discharge the duties of express messenger in handling valuable packages, entrusted to him, with the care and caution that a person of ordinary prudence would have exercised under the same circumstances? Answer 'yes' or 'no.'" To this the jury answered "Yes." The appellant's purpose was to show that appellee was careless and incompetent in respect to handling valuable packages.

In answer to special issue number 9 and special issue number 6, above set out, the jury find that he was careful and competent in respect to such matters and that appellee was not discharged because of any incompetency. It seems clear that special issue number 8, submitted to the jury, could have been entirely eliminated and the judgment would have been the same. If so, it follows that if there was error in a charge specifically confined to issue number 8, it was harmless. The jury find that the contract was made, as alleged, and that appellee was not discharged because of incompetency, the only fact alleged by defendant as a ground for his discharge.

Nor was there error in submitting special issue number 9, above set out. The issue was raised by the pleading and evidence and was properly made the basis of a finding by the jury.

Error is assigned to the action of the court in rendering judgment against defendant for $678.60. As we understand the contention, it is, that the findings of the jury, on the issue as to the effort made by plaintiff to secure employment after he instituted this suit, are inconsistent with each other, and do not support the judgment. This contention relates to special issue number 7, submitted by the court, and special issue number 1, submitted at the request of defendant. Special issue number 7 is, "State whether or not plaintiff made a reasonable effort to find other employment after March 22, 1904? If so state the date." To which the jury answered, "Yes, dates not given." Special issue number 1, asked by defendant, is, "Did plaintiff hold himself in readiness to resume his services with defendant until the 6th of October, 1904, and to that end omit to seek other employment? Answer this yes or no." The jury answer, "Yes." These findings we do not regard as inconsistent. The jury found in answer to the seventh special issue, that appellee used reasonable diligence to secure other employment between the date of the filing of his suit and the 6th of October, the end of the contract year. In answer to special issue number 1, requested by defendant, they answered that he always held himself in readiness to go back to work for appellant and to that end he did not seek permanent employment. The findings are not inconsistent. It was appellee's duty to use reasonable diligence to seek other employment, but he was not required to enter into a permanent contract with another which would prevent him from resuming work for appellant, if requested

to do so. Appellant insists that it was incumbent on plaintiff to establish the fact that he used reasonable diligence to secure employment after he was discharged. As previously stated, this was defensive matter and the burden of showing this fact was on defendant. (Efron v. Clayton, supra; Brown v. Southwestern Tel. & Tel. Co., 17 Texas Civ. App., 433; Missouri, K. & T. Ry. Co. v. Faulkner, supra; Sedgwick on Dam., secs. 665-7.)

As stated, the pleading of defendant restricted the defense to what appellee did earn. There was not pleading or testimony as to what he could have earned. The court found that he did earn during the contract year $100, and this sum was deducted from the amount he would have received as salary from appellant for the remainder of the contract year, had the contract not been breached by appellant.

We conclude that no reversible error is pointed out by appellant, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.