JEFFERSON & NORTHWESTERN RAILWAY COMPANY v. J. J. B. DRESSON.

Decided May 23, 1906.

**1.—Damages—Profits of Contract—Other Employment.**

The principle on which plaintiff, suing for a breach of contract for his personal services, must deduct, from the compensation he was prevented from earning, whatever he could have made during the time in other employment, does not apply to contracts for other than personal service, such as contracts for railway construction.

**2.—Damages—Prima Facie Case.**

Where profits in another employment are to be deducted from plaintiff's damages for breach of a contract for his employment, he makes a prima facie case, by showing the profits he would have made under the contract, and it is for defendant to show that by its breach he has been enabled to make other profits in other employment.

**3.—Contract—Damages—Pleading.**

Where defendant's pleading to a suit for damages for not permitting plaintiff to perform his contract is a denial of the contract, and not a justification of plaintiff's discharge under it, a charge justifying such action on the ground of plaintiff's delay in performance was properly refused.

Appeal from the District Court of Marion County. Tried below before Hon. P. A. Turner.

*W. T. Armistead,* for appellant.

*R. R. Taylor,* for appellee.

EIDSON, Associate Justice.—This is an action by the appellee against the appellant for damages on account of the alleged breach of a contract alleged to have been made by appellant with appellee, whereby appellee was to grade and clear the right of way for a railroad track for appellant for a distance of four miles, one mile of which extended from the defendant's track near Clark & Boyce Lumber Company's mill in Marion County on the track of the Missouri, Kansas & Texas Railway Company in Jefferson, and the other three miles being the extension of the railroad in Cass County, near Cave Springs, and running north-westerly three miles, for which appellee was to receive ten cents per yard for moving the dirt and twenty-five dollars per acre for clearing and grubbing the right of way.

Appellant answered in the court below by general denial and specially that it had paid the plaintiff in full for the grading and clearing of the one mile of track in Marion County. As to the three miles in Cass County, the defendant pleaded that it never made any contract with plaintiff therefor; and further, that the plaintiff spent four months in grading and clearing the one mile in Marion County and that it was done in such an unskilfull manner and with so much delay that the defendant did not want him to do the similar work in Cass County, as it was necessary for it to be done promptly and much sooner than plaintiff could or would do same, and that as plaintiff had taken four months instead of one to do the work in Marion County, its business was at a standstill in consequence thereof and that time was material without delaying the completion thereof, all of which was known to the plaintiff.

There was a trial before the court and jury which resulted in a verdict and judgment for appellee in the sum of $650.

Appellant's first assignment of error complains of paragraph 7 of the court's charge to the jury, which, in effect, instructed them that if defendant broke said contract and refused to allow the plaintiff to grade the three miles of road in Cass County, and to grub the right of way, to find for the plaintiff whatever amount he would have made if he had been permitted to do said work. Appellant contends that the instruction was error because the plaintiff, in order to show himself entitled to recover, was required to prove that he was unable to procure other remunerative employment during the time he would have been engaged on the work in Cass County. We do not think this insistence of appellant is sound. The doctrine, that a party is not entitled to recover under a breach of contract for personal services when he obtained other employment equally as remunerative during the period of the contract, does not apply to a case of this kind. This was not a contract for personal services, but to do certain stipulated work which may have been performed by the employes of appellee, and he was entitled to the profits that he would have realized in the event he had caused the work to be performed. Besides, even in cases of breach of contract for personal services, the plaintiff is not required to plead and prove that he had been unable to obtain employment after the breach of the contract in

order to entitle him to recover.   He makes out a *prima facie* case by establishing the wrongful breach of the contract, and if his damages can be reduced by showing that he obtained other remunerative employment during the period of the contract breached, it is a matter of defense to be shown by the opposite party.   (Porter v. Burkett, 65 Texas, 383; Southwestern Tel. & T. Co. v. Bross, 45 S. W. Rep., 178.)

The court below did not err in refusing to give to the jury appellant's special charges Nos. 1 and 3, because there were no pleadings authorizing these charges; and there was no error in the refusal of the court below to give to the jury appellant's special charge No. 2, as the matter to which it relates was fully covered by the eighth paragraph of the general charge of the court.

We overrule appellant's fifth assignment of error.   In our opinion there is no variance between the allegations of appellee's petition and the proof.   The petition alleged that there was no specified time as to when the work was to be completed, and there is no testimony in the record showing that there was a specified time agreed upon as to when the work was to be completed.   Appellee testified that Clark told him that he wanted him to do the work as quickly as he (witness) could, but it does not appear when he told him this.   Clark testified that he was in a hurry for the completion of the work and that he told appellee that he wanted it done quickly and that he was well apprised of that fact; but Clark does not testify that it was a part of the contract that the work should be done as quickly as appellee could do it.   Conceding that it was a part of the contract that the work should be done as quickly as appellee could do it, that would not show that it was to be done in any definite or specified time.   And further, appellant, having denied that the contract for the three miles in Cass County was made at all, and not having pleaded that if it was made it was breached because appellee failed to perform it within the time agreed upon, is not in a position to take advantage of appellee's failure to comply with that feature of the contract.

Under the pleadings of the parties, there was no issue as to whether or not the work was to be performed in a specified time; the only issue being as to whether the contract was made, and, if so, whether appellee was damaged by the breach thereof.

We discover no reversible error in the record, and the judgment of the court below is therefore affirmed.

*Affirmed.*

Writ of error refused.