McKINNON v. PORTER. (No. 7677.)

(Court of Civil Appeals of Texas. Dallas. Jan. 27, 1917. Rehearing Denied March 10, 1917.)

1. CONTINUANCE ⬤⇒37—APPLICATION — SUFFICIENCY.

An application for continuance, not stating the testimony is material, showing the materiality thereof, and that the applicant "has used due diligence to procure such testimony, stating such diligence, and the cause of failure if known," and "that the continuance is not sought for delay only, but that justice may be done," as required by Rev. St. 1911, art. 1918, is insufficient.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 117–121, 127.]

2. LOGS AND LOGGING ⬤⇒21—LUMBER—SAWING CONTRACT—CONSTRUCTION.

A contract to furnish sawmill and equipment to manufacture lumber from timber on certain land, expressly providing that the landowner was "to furnish all necessary cash for operating such mill until same is in operation, that is, as soon as the mill is moved to the land location," did not obligate the landowner for expenses until the mill, etc., was moved to the land and in operation.

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. § 53.]

3. DAMAGES ⬤⇒62(4) — DUTY TO MINIMIZE —BREACH OF LOGGING CONTRACT.

On breach of timber sawing contract, the doctrine of minimizing damages did not apply, and a requested charge, applying such doctrine, was properly refused.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 128–131.]

4. LOGS AND LOGGING ⬤⇒21—TIMBER—SAWING CONTRACT—BREACH.

Plaintiff could not recover damages for breach of contract to saw timber on defendant's land if when there was suitable timber thereon, he cut and sawed defective timber, and thereby manufactured nonmerchantable lumber.

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. § 53.]

5. EVIDENCE ⬤⇒417(9)—PAROL EVIDENCE.

In an action for breach of timber sawing contract, it was error to exclude evidence that it was contemplated by both parties that green timber only was to be made into lumber; the contract not specifically covering the point.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1882.]

6. LOGS AND LOGGING ⬤⇒21—SAWING CONTRACT—EVIDENCE—ADMISSIBILITY.

In an action for breach of timber sawing contract, defense being that plaintiff sawed dead and rotten timber which would not make merchantable lumber, it was competent to show what effect the deadening of timber would have after standing some time, and the relative value of lumber sawed from such timber.

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. § 53.]

7. LOGS AND LOGGING ⬤⇒21—SAWING CONTRACT—EVIDENCE—ADMISSIBILITY.

In such action, it was not proper to allow a witness to testify as to the character of lumber made for other parties by plaintiff, since the issue in the case was the character of lumber manufactured by plaintiff for defendant under the contract.

[Ed. Note.—For other cases, see Logs and Logging, Cent. Dig. § 53.]

8. DAMAGES ⬤⇒175—EVIDENCE — RELEVANCY —REMOTENESS.

In such action, testimony of plaintiff that he was compelled to sell his mule should not have been permitted, as it was too remote, and damages therefor were not recoverable.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 469–471.]

Appeal from District Court, Van Zandt County; R. M. Smith, Judge.

Action by W. M. Porter against B. H. McKinnon, Sr. From judgment for plaintiff, defendant appeals. Reversed and remanded.

Liveley & Stanford, of Canton, for appellant. Simpson, Lasseter & Gentry, of Tyler, for appellee.

RAINEY, C. J. Appellee brought this suit against appellant to recover damages for the breach of a contract for sawing timber on appellant's land, appellee furnishing the sawmill, which contract reads as follows:

"State of Texas, County of Henderson. Brownsboro, Texas, January 16, 1915. This agreement by and between W. M. Porter and B. H. McKinnon: Witnesseth: W. M. Porter agrees to furnish sawmills, boilers and engines, teams, tools for the manufacture of a certain lot of timber, oak gum and pine, into lumber,

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and to bear one-half of the expenses for operating. It is understood that W. M. Porter is to pay one-half of the current running expenses from the sales of lumber only. B. H. McKinnon agrees to furnish timber from about 1,200 acres of land situated in Van Zandt county, Texas, near Edom said land known as the McKinnon land. It is further agreed by B. H. McKinnon to furnish all necessary cash for operating such a mill until same is in operation, that is as soon as the mill is moved to the land location; and it is further agreed that in case the sale of lumber fails to pay current running expenses, then B. H. McKinnon is to furnish cash enough to pay all such expenses and receive there for lumber of the current market price. It is also agreed that the mill property is to be on the land by February 1, 1915. It is further agreed by both parties that W. M. Porter and B. H. McKinnon are to share equally in the output of said mill; and it is further agreed by B. H. McKinnon that after the lumber referred to is all sawed that the said B. H. McKinnon shall pay to W. M. Porter for his entire interest in the stock of lumber then on hand a price which shall be one dollar per thousand feet less than the regular retail price of such lumber at this mill. This payment shall be made in cash."

Appellant answered by general demurrer and general denial, and specially that appellee was cutting dead and rotten timber, and not making merchantable lumber, and was diverting the funds and supplies furnished by appellant, thereby breaching the contract, which forced him to cease furnishing supplies to run the mill. The case was tried before a jury, and verdict and judgment were rendered in favor of appellee for $850, from which this appeal is taken.

[1] 1. The first assignment of error complains of the overruling of the motion for continuance. The application does not state the testimony is material, showing the materiality thereof, "and that he has used due diligence to procure such testimony, stating such diligence, and the cause of failure, if known," and "that the continuance is not sought for delay only, but that justice may be done." R. S. 1911, art. 1918. The application not complying with the statute, the assignment is overruled.

[2] 2. The second assignment of error is:

"The court erred in paragraph 3 of its main charge wherein it charged the jury that 'it was the duty of the plaintiff to use supplies furnished by defendant and receipts from the sale of lumber in paying reasonable expense of putting down the mill.'"

Proposition submitted thereunder is:

"The matter complained of herein is purely a matter of contract, and, unless specifically contracted for, plaintiff would not have such right, and especially would same be error when the contract provides otherwise."

Paragraph 3 of the court's charge reads:

"It was the duty of plaintiff to use the supplies furnished by defendant, and the receipts from the sale of lumber, in paying the reasonable expenses of putting down the mill and manufacturing the timber into lumber; and, if you find that he diverted and failed to account to the defendant for the supplies so furnished and receipts from the sale of lumber, then you are charged that the defendant had the right to refuse to further carry out his contract, and in such event you will find for the defendant."

Appellee, under the contract was to furnish the sawmill, boiler, engine, etc., and the evidence shows that the mill, etc., were located in an adjoining county, some distance from appellant's land, and the language used by the court in said paragraph of the charge was calculated to induce the jury to believe that appellee was to share in the expense of moving the mill, etc., to his land, when the contract expressly provides that appellant was "to furnish all necessary cash for operating such mill until same is in operation, that is, as soon as the mill is moved to the land location." This clause of the contract is a little confusing, but we think the meaning is that appellant was not to be at any expense until the mill, etc., was moved to the land and in operation. We think the charge was misleading in this respect, and therefore was error.

3. There are numerous assignments presented relating to the main charge, and to the refusing of special charges, but there is objection to the consideration of these, because they are not in compliance with the rules, in that proper bills of exception were not preserved. But there are some matters which will probably arise on another trial, which ought to be noticed.

[3] 4. The court was asked to instruct the jury, in effect, that plaintiff should not be allowed for any damages that he could have avoided by reasonable effort, if defendant was in fault in breaching the contract. The doctrine of minimizing damages does not apply in this case, and the court did not err in refusing the charge requested. Harness v. Kentucky Fluor Spar Co., 149 Ky. 65, 147 S. W. 934, Ann. Cas. 1914A, 803; Railway Co. v. Dreeson, 43 Tex. Civ. App. 282, 96 S. W. 63.

[4] 5. If appellee cut and sawed defective timber, and thereby manufactured nonmerchantable lumber, when there was suitable timber on appellant's land he could have utilized for that purpose, he was not entitled to damages for the breach of the contract, and the jury should have been so told.

[5] 6. It was error to refuse to admit the testimony of appellee, to the effect "that it was contemplated by both parties to the contract that green timber only was to be made into lumber."

[6] 7. It was competent to show what effect the deadening of timber would have after standing some time and the relative value of lumber sawed from such timber.

[7] 8. It was not proper to allow witnesses to testify as to the character of lumber made for other parties by appellee. The issue in this case was the character of lumber manufactured by appellee for the appellant under this contract.

[8] 9. The testimony of Porter that he was compelled to sell his mule should not have

been permitted, as it was too remote, and damages therefor were not recoverable.

The judgment is reversed, and the cause is remanded.