## BANK OF MIAMI v. YOUNG et al. (No. 21-2639.)

(Commission of Appeals of Texas, Section A. Feb. 12, 1919.)

1. GUARANTY ⬦77(2)—CREDITOR'S DUTY TO PROCEED AGAINST PRINCIPAL.

A contract of guaranty to pay certain notes and overdrafts, it being duty of creditors to turn over same to an attorney to be selected by guarantors for collection by suit, and, if money should not be made by execution, guarantors were to pay same upon transfer of judgment to them, refusal of guarantors to reduce the notes and overdrafts to judgment, and a denial of liability thereon, was a breach of the contract which authorized the creditors to treat the contract as at an end, except for the purpose of bringing suit thereon for its breach.

2. GUARANTY ⬦77(2)—CREDITOR'S DUTY TO PROCEED AGAINST PRINCIPAL.

Under a contract of guaranty to pay certain notes and overdrafts, creditors, on failure of debtors to pay, to turn over the same to an attorney to be selected by the guarantors for collection by suit, and, if money could not be made by execution, guarantors were to pay same upon due transfer of the judgment to them, upon refusal of the guarantors to reduce the notes and overdrafts to judgment and their denial of liability thereon, the creditors were not called upon to reduce the notes and overdrafts to judgment, but could recover the face thereof on offering to assign the notes and overdrafts to the guarantors, subject only to any abatement by reason of circumstances of which they could reasonably have availed themselves.

3. GUARANTY ⬦36(3), 89—BREACH—DAMAGES—BURDEN OF PROOF.

Under a contract of guaranty to pay notes, where it was duty of creditors to turn notes over to attorney to be selected by guarantors for collection by suit, and, if money could not be made by execution, guarantors were to pay same upon the due transfer of the judgment to them, upon refusal of the guarantors to reduce notes to judgment and their denial of liability thereon, the measure of damages was prima facie the face value of the notes, and burden rested upon guarantors to show any matter which would reduce or mitigate the damages.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by the Bank of Miami against D. J. Young and others. From a judgment of the Court of Civil Appeals (161 S. W. 436) reversing a judgment in favor of plaintiff, plaintiff brings error. Judgment of the Court of Civil Appeals reversed, and that of the trial court affirmed.

G. O. McCrohan, Jr., of Canadian, J. A. Holmes, of Miami, Madden, Trulove & Kimbrough, of Amarillo, and B. M. Baker, of Canadian, for plaintiff in error.

Ewing & Dial, of Miami, and H. E. Hoover, of Canadian, for defendants in error.

STRONG, J. The Bank of Miami, a partnership, instituted this suit against defendants in error and W. S. Martin for damages arising out of an alleged breach of a written contract of guaranty to pay certain notes and overdrafts. It is disclosed by the record that plaintiffs purchased the banking business of defendants at Miami, Tex., including the notes and overdrafts. Under the terms of the contract of purchase, it was made the duty of plaintiffs, immediately upon the maturity of such indebtedness, to demand payment, and, if not promptly paid, to turn the same over to an attorney to be selected by defendants for collection by suit. Suit was to be immediately instituted thereon, pressed to judgment, execution issued, and, if the money could not be made by execution, defendants were to pay same upon the due transfer of the judgment to them.

The trial was before the court without the intervention of a jury. The court found that the plaintiffs complied with their obligations under the contract; that the defendants did designate an attorney; that the attorney so designated became the agent and representative of defendants to act for them in the premises; that such attorney returned the items of indebtedness involved in this suit to

the plaintiffs and declined and refused to carry out the terms of the contract as applied thereto and repudiated the contract by denying all liability of defendants on the items involved, which acts of repudiation and denial were fully ratified by defendants. These findings of the trial court are held by the Court of Civil Appeals to have evidence to sustain them.

Plaintiffs, in their petition, tendered the notes and overdrafts to defendants and offered to execute proper transfer thereto. No evidence was offered by either party as to the actual value of the notes and overdrafts. Judgment was rendered for plaintiffs, assessing their damages at the face value of the notes and overdrafts, and decreeing the title and ownership of same to be in defendants. Upon appeal, the Court of Civil Appeals reversed the judgment, holding that, under the contract, the measure of damages was the difference between the face value of the notes and overdrafts and their actual value, and that the burden of proving their actual value was upon plaintiffs. 161 S. W. 436. In granting the writ of error, the Supreme Court entertained the view that the Court of Civil Appeals erred in its holding upon the question of the measure of damages.

[1-3] The refusal of defendants to reduce the notes and overdrafts to judgment and their denial of liability thereon was a breach of the contract in the course of its performance and an anticipatory breach authorizing plaintiffs to treat the contract as at an end, except for the purpose of bringing suit thereon, for its breach. Greenwall v. Markowitz, 97 Tex. 479, 79 S. W. 1069, 65 L. R. A. 302; Roehm v. Horst, 178 U. S. 1, 20 Sup. Ct. 780, 44 L. Ed. 953. In such action, the measure of damages would be the same as it would have been had the repudiation not been accepted as a breach of the contract, and the plaintiffs had brought suit after the time provided, for the performance, for its breach. Sedgwick on Damages (9th Ed.) p. 1250; Roehm v. Horst, supra. Whether the contract be regarded as a guaranty of collection of the indebtedness or a guaranty of payment is immaterial. The plaintiffs having made effort to collect as provided in the contract, it became the duty of defendants, through the attorney designated by them, to reduce the notes and overdrafts to judgment. Had the defendants complied with their contract, the plaintiffs would have received the face value of the notes and overdrafts. Upon the repudiation of the contract by defendants, it was not incumbent upon the plaintiffs to reduce the notes and overdrafts to judgment through an attorney of their selection, looking to defendants for the difference between the amount so collected and the face value of the indebtedness. The plaintiffs were entitled, in any event, upon the performance by them of their obligations under the contract, to receive the face value of the notes and overdrafts. Upon default by defendants, plaintiffs were entitled to recover the same amount as they would have been entitled to, had the defendants performed their obligations under the contract. Under the terms of the contract, defendants were conditionally bound to pay plaintiffs the face value of the indebtedness. By their own wrongful conduct, defendants waived the conditions imposed by the contract and became absolutely and unconditionally bound to pay said amount. While it is true that plaintiffs, in view of the repudiation of the contract by defendants, could recover the amount which they would have received had the contract been carried out by defendants, this would be subject to any abatement by reason of circumstances of which they could reasonably avail themselves. Plaintiffs, however, were not required to negative the abatement. The measure of damages under the contract was prima facie the face value of the notes and overdrafts, and the burden of proof rested upon the defendants to offer evidence of any matter which would reduce or mitigate the damages. 3 Elliott on Contracts, § 2212; Porter v. Burkett, 65 Tex. 383; Ry. v. Dresson, 43 Tex. Civ. App. 282, 96 S. W. 63.

In the opinion of the Court of Civil Appeals reversing the judgment it is said:

"By the judgment of the court, appellee recovered the face value of the debt, with interest, and may still retain the indebtedness itself and recover on it, if there is security, or if the parties or any of them are solvent. For such amount which may be collected, appellee is not damaged in that sum, whatever it is."

An examination of the record discloses the following provision in the trial court's judgment:

"* * * It is decreed by this court that the title to and ownership of all notes and overdrafts specially described in this judgment as supplying the measure of damages for plaintiff's recovery and the security for same is and shall be in defendants to this suit."

The effect of this provision of the judgment was to limit plaintiffs' recovery to the difference between the face value of the indebtedness and its actual value.

We have examined the other questions presented and think no reversible error is shown in the trial of the case. It follows that we are of opinion that the judgment of the Court of Civil Appeals should be reversed, and that of the trial court affirmed.

PHILLIPS, C. J. The judgment as recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.