PORTER v. McKINNON, Sr.    (No. 132–3023.)

(Commission of Appeals of Texas, Section B. May 19, 1920.)

1. Evidence ⟨⟩450(5)—Contract held ambiguous so as to admit parol testimony of intention.

In a contract between defendant and a sawmill owner for the joint conduct of a sawmill enterprise on defendant's land, a provision that defendant would furnish all necessary cash for operating the mill "until same is in operation, that is, as soon as the mill is moved to the land location," was not so clear and free from ambiguity as to preclude the admission of parol testimony to explain what the parties really intended.

2. Logs and logging ⟨⟩21—Contract for conduct of sawmill enterprise construed regarding liability for expenses.

Where a contract for the conduct of a sawmill enterprise on defendant's land with plaintiff's sawmill as a joint enterprise provided that defendant should furnish the cash for operating the mill "until same is in operation, that is, as soon as the mill is moved to the land location," it implied, in the absence of explanatory evidence, that defendant's share of the expenses was to begin when the mill reached his land, and, where the parol testimony was to the ef-

fect that such was the intention, the Court of Civil Appeals erroneously held as a matter of law that defendant was not bound for any part of the expenses until the mill was in actual operation.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by W. M. Porter against B. H. McKinnon, Sr. A judgment for plaintiff was reversed by the Court of Civil Appeals (192 S. W. 1112), and plaintiff brings error. Affirmed and remanded.

Simpson, Lasseter & Gentry, of Tyler, for plaintiff in error.

R. M. Lively and C. L. Stanford, both of Canton, for defendant in error.

McCLENDON, J. W. M. Porter brought suit against B. H. McKinnon, Sr., to recover upon a contract between plaintiff and defendant, under which they became jointly interested in a sawmill enterprise. Defendant was the owner of certain timber land, and plaintiff was the owner of a sawmill situated in an adjoining county some distance from defendant's land. The sawmill was to be moved by plaintiff upon defendant's land, the timber on said land sawed, and the net result of the enterprise shared equally between plaintiff and defendant. The latter under the contract was to advance the operating expenses. There were several controverted issues in the trial court, and a judgment of that court in plaintiff's favor was reversed by the Court of Civil Appeals, Fifth District, upon several assignments of error, only one of which, however, is urged as a ground for reversing the judgment of the Court of Civil Appeals. 192 S. W. 1112. The question thus presented relates to the construction given in paragraph 3 of the trial court's charge to the following provision of the contract:

"It is further agreed by B. H. McKinnon to furnish all necessary cash for operating such mill until same is in operation, that is, as soon as the mill is moved to the land location."

That portion of paragraph 3 of the court's charge complained of reads as follows:

"It was the duty of plaintiff to use the supplies furnished by defendant, and the receipts from the sale of lumber, in paying the reasonable expenses of putting down the mill and manufacturing the timber into lumber."

The Court of Civil Appeals held that under the provision above quoted the defendant "was not to be at any expense until the mill, etc., was moved to the land *and in operation*." (Italics ours.) Plaintiff contends that the joint expense was to begin as soon as the mill arrived at defendant's land.

[1, 2] The language of the contract does not render its interpretation in the respect

in question so, clear and free from ambiguity as to preclude the admission of parol testimony to explain what the parties really intended by the words used. The contract was drawn by a bank cashier at Brownsboro, as an accommodation to the parties. That there was no attempt at legal accuracy in defining the rights of the parties is manifest from a casual reading of the instrument, and particularly of the clause under consideration. Plaintiff testified:

"It was agreed that I was to move the mill to the defendant's land, and after I got it on his land then the expense commenced half and half. The moving of the mill up to Edom was my expense, moving it up on his land; and whenever I struck his land then the cost was half and half. I am informed that I charged him in my pleadings for $500 for moving it there, when the agreement was that I was to move it there. * * * Whatever that cost me, I was to move it there on his land at my expense. Our contract says that I was to move it to his land at my own expense."

This construction of the contract is what we think its language should, in the absence of explanatory evidence, be held to imply. No objection was made to this testimony, and, although the defendant took the stand later, he did not controvert it, and made no complaint that the funds he had advanced were used in putting down the mill, after the machinery had reached his land. Under these circumstances, we think the Court of Civil Appeals erroneously held, as a matter of law, that the defendant was not bound for any part of the expense until the mill was in actual operation.

The action of the Court of Civil Appeals in sustaining other assignments of error, which are not brought here for review, requires that the judgment of that court remanding the cause be affirmed.

We conclude that the judgment of the Court of Civil Appeals should be affirmed and the cause remanded to the district court for a new trial.

PHILLIPS, C. J. We approve the judgment recommended in this case and also the holding. We think the contract, itself, shows that McKinnon's share of the expense was to begin when the mill reached the land.

