## MANSFIELD MILL & ELEVATOR CO. v. NICHOLS. (No. 6790.)

(Court of Civil Appeals of Texas. Austin. Oct. 15, 1924.)

**1. Master and servant ☞41(6) — Burden of proving other profitable employment on defendant, in action for wrongful discharge.**

In action for wrongful discharge of servant, burden of allegation and proof that plaintiff has been engaged in other profitable employment is on defendant.

**2. Courts ☞122—Pleading ☞228—Pleadings govern determination of jurisdiction, and fraud on jurisdiction cannot be raised by exception, unless apparent on face of pleadings.**

Allegations of petition govern in determining amount in controversy as affecting court's jurisdiction, unless fraudulently misstated for purpose of conferring jurisdiction, and fraud on jurisdiction cannot be raised by exception, where it does not appear on face of pleadings.

**3. Courts** ⚫�netzwerk**122 — Objection that petition showed amount in controversy below court's jurisdiction obviated by filing of amended petition.**

One sued for wrongful discharge lost right to object that petition showed on its face that amount in controversy was below court's jurisdiction, after deduction of salary claimed for part of year subsequent to filing of petition, on filing of amended petition long after expiration of year.

**4. Frauds, statute of** ⚫⟨=⟩**45(1) — Verbal contract of employment held not incapable of parol proof as agreement not to be performed within year.**

Verbal contract, consummated by acceptance of offer to work during 1919, either by acceptance of services or by agreement to salary in March of such year, *held* not consummated before January 1 thereof, and hence not incapable of parol proof, under subdivision 5 of statute, as agreement not to be performed within year.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by J. J. Nichols against the Mansfield Mill & Elevator Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Felix M. Bransford, of Fort Worth, for appellant.

H. S. Lattimore, of Fort Worth, for appellee.

McCLENDON, C. J. This was a suit by appellee against appellant for the sum of $595, appellee alleging that he had a contract with appellant for personal services for the year 1919, at $85 per month, and he was wrongfully discharged on June 1, 1919, the amount sued for being the agreed sum he would be entitled to receive had he been allowed to complete his contract for the remaining seven months of the contract year.

Appellee's own testimony showed that he had ·engaged in other employment during the discharge period, and thereby, earned $350, thus reducing the amount of his loss to $245. Upon answers of the jury to special issues finding that the contract was made as alleged, judgment was rendered in favor of appellee for $245 and interest. Appellant has appealed from this judgment, urging three assignments of error which attack the trial court's action in overruling two special exceptions· to appellee's petition and a motion to instruct a verdict in appellant's favor.

The first of these exceptions urges the insufficiency of appellee's petition, on the ground that it makes no allowance for sums which appellee earned during the discharge period; the exception stating that, if such allowance had been made in good faith, the amount in controversy would be below the jurisdiction of the district court.

[1] This exception was properly overruled. In this state it is now settled that the burden both of allegation and proof rests with the defendant in an action for damages for wrongful discharge of a servant, to show that the plaintiff has been engaged in other profitable employment. Porter v. Burkett, 65 Tex. 383; Telephone Co. v. Bross (Tex. Civ. App.) 45 S. W. 178; Miller v. Oil Co. (Tex. Civ. App.) 166 S. W. 1182; Express Co. v. Walters, 42 Tex. Civ. App. 355, 93 S. W. 496; Railway v. Faulkner (Tex. Civ. App.) 31 S. W. 543; Railway v. Dresson, 43 Tex. Civ. App. 282, 96 S. W. 63 (writ of error denied). This holding is 'in line with the great weight of authority in this country, although the courts of some of the states hold to the contrary. See note, 6 L. R. A. (N. S.) 108.

[2] In connection with this special exception it is contended throughout appellant's brief that, since it appeared from appellee's own testimony that his earnings reduced the amount in controversy below the jurisdiction of the court, the exception should have been sustained as a plea to the jurisdiction, and the suit dismissed. There is no merit in this contention. The allegations of the petition govern in determining the amount in controversy as affecting the jurisdiction of the court, except where the amount is fraudulently misstated for the purpose of conferring jurisdiction; and fraud upon the jurisdiction, where it does not appear upon the face of the pleadings, cannot be raised by exception. Little v. State, 75 Tex. 616, 12 S. W. 965; 5 Ency. Dig. Tex. Rep. p. 404 et seq.; 19 Ency. Dig. Tex. Rep. p. 513.

[3] The other special exception is to the jurisdiction of the court. The original petition was filed on September 16, 1919, and it is urged in the exception that as to all salary for the remaining portion of 1919 the suit was prematurely brought, and therefore that the petition on its face showed the amount in controversy to be below the court's jurisdiction. Whatever merit this exception may have had originally was lost when appellee filed an amended petition long after the year 1919 had expired.

[4] At the conclusion of appellee's testimony appellant moved for an instructed verdict in its favor, upon the ground, expressed in the motion, that the evidence conclusively showed that whatever contract appellee had with appellant for the year 1919· was verbal and made during the month of December, 1918, and was therefore incapable of proof by parol under the fifth subdivision· of the statute of frauds; it being an agreement not to be performed within the space of one year from the making thereof.

The following quotations from appellee's

testimony contain, in substance, the entire evidence offered by him upon this subject (the Mr. Holland referred to therein was president of appellant company):

"In December of 1918 I had a conversation with Mr. Holland with reference to my employment for the next year with the defendant company. The conversation occurred along the 1st of December after I had written the checks for the pay roll. Mr. Holland was at the office one afternoon, and I asked him if he wanted me for employment in the mill for the next year, and he told me that he did.

"When I asked Mr. Holland if he wanted me for another year, and he told me that he did, I then asked him what he would pay me, and he said that he didn't know, and that he would have to talk to Mr. W. T. Hudson about it. He also in the same conversation asked me what I would work for, and I told him $85 a month. I asked him again along about the 15th of December, and he said that he had not yet talked to Mr. Hudson, but that he would see him. The next conversation I had with him with reference to the matter was about the 1st of January.

"In March of that year I was going over the return checks with Mr. Holland—on the 1st of March Mr. Holland looked over those matters personally. He ran through the checks, and came to my check, and it was written for $85, and he asked me what I was writing it for, and I told him $85. Mr. Holland then said that that was all right with him."

This testimony does not show any final agreement between the parties prior to January 1, 1919. It only shows an offer on the part of appellee to work during 1919 at a salary of $85 a month. That offer was accepted either inferentially by appellant's accepting the services of appellee or expressly by the conversation in March, 1919, in which Mr. Holland agreed to the salary. Under either theory the agreement was not consummated prior to January 1, 1919, and therefore the contract did not come within the statute of frauds.

The three assignments of error are overruled, and the trial court's judgment is affirmed.

Affirmed.