**GOMEZ et al. v. VANLANDINGHAM.**
**(No. 7838.)**

Court of Civil Appeals of Texas. San Antonio.
Nov. 9, 1927.

Rehearing Denied Dec. 5, 1927.

1. **Appeal and error ⚖=999(1)—Jury's fact findings, sustaining plaintiff's version of contract, held conclusive.**

In suit for money alleged to be due under contract, jury had right to accept plaintiff's version of contract, and its findings of fact were conclusive.

2. **Master and servant ⚖=41(6)—Plaintiff complaining of breach of contract need not plead or prove other employment was unobtainable.**

In cases of breach of contract for personal services, plaintiff is not required to plead or prove as a condition to recovery for the breach that he was unable to obtain other employment.

3. **Master and servant ⚖=41(6)—Where plaintiff proves breach of contract for services, it devolves on defendant to mitigate damages by proving plaintiff obtained other employment.**

In suit for breach of contract for personal services, where plaintiff proves the breach, he has made prima facie case, and it devolves on defendant to mitigate damages, if possible, by proving that plaintiff obtained other remunerative employment.

4. **New trial ⚖=144—Where defendants, on motion for new trial, alleged jury obtained information from court as to effect of answers to special issues, jurors' contradicting affidavit attached to plaintiff's reply held properly considered.**

Where defendants, on motion for new trial, alleged that jury sought and obtained from court instructions as to the effect of answers to certain special issues, jurors' affidavit contradicting such allegation held properly considered, and objections to it on ground that it was immaterial, irrelevant, and an ex parte statement were properly overruled.

Appeal from County Court at Law No. 1, Bexar County; McCollum Burnett, Judge.

Suit by James Vanlandingham against E. A. Gomez and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Ed H. Lange and Hicks, Hicks, Dickson & Bobbitt, all of San Antonio, for appellants.

Robert P. Coon, of San Antonio, for appellee.

FLY, C. J. This is a suit by appellee against E. A. Gomez and David Mills to recover the sum of $574, alleged to be due on a contract of employment in connection with the sale of lots and collection of monthly installments payable on the purchase money of the lots, theretofore sold by appellee as receiver, as well as for those sold as agent. The cause was submitted to a jury through special issues, and on their answers judg-ment was rendered for appellee against appellants, jointly and severally, for $574, interest and costs.

The jury found that Gomez, in March, 1925, engaged the services of appellee for one year, at a salary of $60 a month, to manage the "Harvard place addition"; that appellee, when discharged, as it was admitted he was discharged, made efforts to secure other employment during the period between June 1, 1925, and March 26, 1926; that his efforts were unavailing, and he earned nothing during the time mentioned, except his salary from the city; that he used due diligence in seeking other employment to supplement his salary, but was unsuccessful.

[1] The evidence sustains the answer of the jury, and disclosed, besides, that appellee had been acting as receiver of the property known as Harvard place for about two years, under appointment of a district court. It consisted of 160 lots in the eastern part of the city of San Antonio, and appellee was familiar with the management of the place. The receivership was closed, and the property returned to Gomez. Appellee was afterwards employed for a year, at $60 a month, to handle the business connected with the lots. The date of the contract was on or about March 20, 1925. On June 2, 1925, appellee was told that his services would not be required any longer; and Gomez paid him for something over two months of service, $146, leaving a balance due on the year's employment of $574. Gomez acted for himself and his son-in-law, Mills, in making the contract. Gomez and his witness differed to some extent with appellee as to the terms of the contract, but the jury accepted appellee's version, as they had the authority to do, and the facts must be found in line with their findings of fact. Appellee had a position with the city, and could not perform any work except after or before work hours there, and could only accept employment that could be attended to in his leisure hours, and he sought to obtain a receivership which could be so attended to.

[2, 3] There are four propositions urged by appellants, none of which is meritorious. Appellee had a contract with appellants that was breached by them, and, when he proved that breach, he was entitled to the damages arising from such breach, unless appellants showed that he had obtained other remunerative employment. In cases of breach of contract for personal services, the plaintiff is not required to plead or prove that he had been unable to obtain employment after the contract was breached, as a condition to recovery. He had made out a prima facie case when he proved a breach of his contract, and it devolved on the defendant to mitigate the damages by proving that the plaintiff obtained other remunerative employment. Porter v. Burkett, 65 Tex. 383; S. W. Tele-

graph Co. v. Bross (Tex. Civ. App.) 45 S. W. 178; Railway v. Dresson, 43 Tex. Civ. App. 282, 96 S. W. 63. Appellants did not prove that appellee had obtained other remunerative employment, nor even that appellee could have obtained such employment, but endeavored to shift the burden of proving their defense to the shoulders of appellee. However, the evidence showed that appellee sought such employment as could be performed by him at such times as he would have performed the services for appellants.

The second and third propositions have no basis on the facts, and are overruled. Upon agreement by appellants, the court did instruct the jury upon their request, but not "as to the legal effects of their answers to the questions in the main charge." The qualification of the bill of exceptions to the action of the court in instructing the jury at their request shows that the court put the burden upon appellee of proving that he sought other employment, and that, if he procured as much or more after being discharged as before, then he could not recover.

[4] The fourth proposition is overruled. Appellants had in their motion for new trial, which was not supported by any affidavit, made charges against the jury, and to a reply to the motion appellee attached an affidavit by every member of the jury, which effectually met and contradicted the allegation in the motion that the jury had sought and obtained from the court instructions as to the effect of answers to certain questions. The affidavit of the jurors was objected to as immaterial and irrelevant, and as being an ex parte statement. The court did not err in overruling the objections. Appellee had the right to attach affidavits to his reply to the motion for new trial, and the court properly considered the affidavits in connection with the motion for new trial.

The judgment is affirmed.